# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK ORTEGA,** individually and on behalf of all similarly situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION No. 5:24-cv-487-OLG |
| v. | § § | |
| **SIENNA MARKETING & CONSULTING, INC.** a New York Corporation | § § § | |
| Defendant. | § § § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Sienna Marketing & Consulting, Inc. ("<u>Defendant</u>") hereby answers Plaintiff Mark Ortega's ("<u>Plaintiff</u>") First Amended Class Action Complaint (the "<u>Complaint</u>") as follows:

In responding to the Complaint, Defendant denies all allegations contained therein unless specifically admitted below in response to the Complaint.[1]

## PARTIES

1.      Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 1, and on that basis, denies each and every allegation contained in Paragraph 1.

2.      Admitted.

---

[1]  Per Judge Orlando Garica's policies, Defendant conferred with Plaintiff in writing regarding its intent to file a Motion to Dismiss, identified the deficiencies in the Complaint, and notified Plaintiff of his right to amend.  Plaintiff filed a *Notice of Intent to Amend* his Complaint, on July 19, 2024, *see* ECF No. 10, with the deadline to do so of July 26, 2024.

**JURISDICTION AND VENUE**

3.       This paragraph consists of legal conclusions to which no response is required. Defendant states that the Telephone Consumer Protection Act ("<u>TCPA</u>") and the Texas Telephone Solicitation Act ("<u>TTSA</u>") speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 3.

4.       This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 4.

5.       This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 5.

**INTRODUCTION**

6.       This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 6.

7.       This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 7.

8.       This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies

any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 8.

## FACTUAL ALLEGATIONS

9.    Denied as stated.  It is admitted only that Defendant offers various small business lending services to businesses.

10.    Admitted in part; denied in part.  It is admitted only that Defendant utilizes telephones to complete various business functions.   The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each of these allegations.

11.    Admitted.

12.    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 12, and on that basis, denies each and every allegation contained in Paragraph 12.

13.    Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 13, and on that basis, denies each and every allegation contained in Paragraph 13.

14.    This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 14.

15.    This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 15.

16.     Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 16, and on that basis, denies each and every allegation contained in Paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 17, and on that basis, denies each and every allegation contained in Paragraph 17.

18.     Denied.

19.     This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 19.

20.     Denied.

21.     Denied.

22.     Admitted in part; denied in part. It is admitted only that Plaintiff received a telephone call from Defendant. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

23.     This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 23.

24.     This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 24.

25.     Admitted.

4

26.     This paragraph consists of legal conclusions to which no response is required. By way of further response, during this call, Plaintiff provided consent for Defendant to send text messages. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 26.

27.     Admitted.

28.     This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 28.

29.     Admitted.

30.     Denied as stated. The messages are documents which speak for themselves, any characterization thereof is denied.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each of these allegations.

31.     Denied as stated.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each of these allegations.

32.     Denied as stated.  By way of further response, Plaintiff created a business relationship when he provided consent for Defendant to send text messages during the phone call. The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each of these allegations.

33.     Admitted.

34.     Denied. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

35.     It is admitted only that Plaintiff seeks the relief referenced in the paragraph. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

## I.     CLASS ACTION ALLEGATIONS

36.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff seeks to bring this action on behalf of himself and on behalf of a class of all others purportedly similarly situated. Defendant denies that the proposed class definitions are proper, denies that any class should be certified in this action, and denies that this action is appropriate for class treatment. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 36.

37.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 37.

38.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 38.

**Numerosity**

39.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 39.

40.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 40.

41.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 41.

42.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 42.

**Commonality**

43.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 43.

44.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 44.

**Typicality**

45.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 45.

**Adequacy of Representation**

46.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 46.

47.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 47.

**Superiority**

48.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 48.

49.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 49.

50.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 50.

51.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 51.

52.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 52.

53.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any class should be certified in this action and that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 53.

## COUNT I

### Telephone Consumer Protection Act

54.     This incorporation requires no answer.

55.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 55.

56.     This paragraph consists of legal conclusions to which no response is required.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 56.

57.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 57.

58.     This paragraph consists of legal conclusions to which no response is required.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 58.

## COUNT II

**Telephone Consumer Protection Act**

59.     This incorporation requires no answer.

60.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 60.

61.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 61.

62.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 62.

## COUNT III

**Telephone Consumer Protection Act.**

63.     This incorporation requires no answer.

64.      This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 64.

65.     This paragraph consists of legal conclusions to which no response is required.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 65.

66.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 66.

67.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 67.

## COUNT IV

### Texas Telephone Solicitation Act

68.     This incorporation requires no answer.

69.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 69.

70.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 70.

71.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 71.

72.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 72.

73.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent

therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 73.

## COUNT V

### Texas Business and Commerce Code Ann. §302

74.     This incorporation requires no answer.

75.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 75.

76.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 76.

77.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith.  In addition, Defendant denies that any class should be certified in this action and denies that this action is appropriate for class treatment.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 77.

78.     This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 78.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.  All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based upon Defendant's current understanding of the claims asserted by Plaintiff, and Defendant reserves the right to plead additional defenses when and if they become appropriate and/or available in this action.   Defendant may assert additional affirmative defenses to which it may be entitled, or which may be developed during discovery, including unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes insofar as class certification has not been granted and is not appropriate.   In further response to the Complaint, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint and each purported claim contained therein fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Lack of Article III Standing)**

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to Defendant's alleged conduct, to satisfy Article III standing.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes lacks standing because they have not incurred a loss.

## FOURTH AFFIRMATIVE DEFENSE
### (No Statutory Standing)

Plaintiff is not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

## SIXTH AFFIRMATIVE DEFENSE
### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Due Process)

The statutory damages allowed under the TCPA violate Defendant's substantive due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by Plaintiff, which are inconsequential or immaterial.

## EIGHTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

The statutory penalties sought by Plaintiff and members of the putative classes are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff or any member of the putative classes provided consent for the alleged text message calls and calls to Defendant, or any third-party not named in the Complaint, including, without limitation, "prior express consent" under the TCPA.

## TENTH AFFIRMATIVE DEFENSE
### (No Automated Dialer)

The Complaint and each purported claim contained therein are barred to the extent that neither Defendant nor any agents or third parties acting under its direction or control employed an ATDS to transmit the alleged text message calls and calls.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, Unclean Hands, Ratification, Satisfaction, and Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, ratification, satisfaction and/or applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Own Actions or Inaction)

Plaintiff's damages, and the damages of the members of the putative classes, if any, have been caused by their own action or inaction, including, but not limited to, their provision of prior express consent to receive text message calls and calls.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Defenses Specific to Class Members)

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. Defendant reserve the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Law)

Defendant is not liable to Plaintiff or members of the putative classes because Defendant acted reasonably and with due care and substantially complied with all applicable statutes,

regulations, ordinances, and/or other laws and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(No Duplicative Relief)**

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting Defendant to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Settlement Credits)**

In the event that a settlement is reached between Plaintiff or any other putative class member, on the one hand, and any other person or entity on the other hand, Defendant is entitled to any settlement credits permitted by law.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Not Knowing or Willful)**

Plaintiff is precluded from any recovery from Defendant for a willing and knowing violation of the TCPA because any such violation, which Defendant denies occurred, would not have been willful or knowing.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(No Loss)**

Plaintiff's claims are barred because Plaintiff was not charged for the text messages referenced in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Mitigation)**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any of his alleged damages.

19

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s))**

The Court lacks personal jurisdiction over CCS as to the claims of any non-resident putative class member(s).  *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773 (2017).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Established Business Relationship)**

Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Claims Barred by Other States' Laws)**

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Plead Basis for Class Certification)**

Plaintiff has not pled an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Class Certification Cannot be Met)**

The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is not practicable; individual questions of fact and law predominate over common issues; Plaintiff's claims are not typical of the claims and/or defenses of other putative class members; Plaintiff is not an adequate representative for the putative class; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy.  In addition, the

prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Consent to Call)

Under Section 305.001, Defendant is not liable to Plaintiff because Plaintiff consented to receiving further communication from Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Business Customers)

Under Section 302.058 Tex. Bus. & Com. Code, Plaintiff's claims are barred by the current customer relationship exemption to claims under Chapter 302.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court enter a judgment against Plaintiff and for CCS:

1.    That Plaintiff take nothing by reason of the First Amended Class Action Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    For costs incurred by Defendant herein, if and to the extent permitted by law; and

4.    Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: */s/ Robert Scott*
    Robert Scott
    State Bar No. 17911800
    Bobbye Pyke (court admission application filed)
    State Bar No. 24123274

Jeffrey N. Rosenthal (*pro hac vice* forthcoming)
Pennsylvania Bar No. 209334
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com


ATTORNEYS FOR DEFENDANT SIENNA
MARKETING & CONSULTING, INC.

Dated: July 25, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2024, a true and correct copy of the foregoing instrument was served on counsel for all parties to this action through the Court's CM/ECF E-file delivery service.

*/s/ Robert Scott*
Robert Scott
