IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **MARK ORTEGA,** | § | |
| Plaintiff, | § | Case No. 5:24-CV-00487-OLG |
| vs. | § | |
| **SIENNA MARKETING & CONSULTING, INC.** a New York Corporation, | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Mark Anthony Ortega ("Plaintiff"), proceeding pro se, respectfully files this Motion for Leave to Amend Complaint and requests that the Court grant leave to file the proposed Second Amended Complaint, attached hereto as **Exhibit A**.

### I. INTRODUCTION

Plaintiff seeks to amend his First Amended Complaint to add Vincent Palazzo as an individual defendant and to assert claims against him for his direct and personal involvement in the conduct that forms the basis of this lawsuit.

Plaintiff initially intended to conduct discovery before seeking leave to amend in the interest of judicial economy and to avoid filing multiple amended pleadings. However, this case is proceeding under a bifurcated discovery schedule, first entered on April 30, 2025 (ECF No. 33). On July 30, 2025, the Court extended the deadline for Phase I of discovery by 90 days, to October 27, 2025 (ECF No. 46). This extension pushes discovery past the deadline to amend pleadings set in the original Scheduling Order. Out of an abundance of caution, and to ensure all responsible parties are timely included in this action, Plaintiff now seeks leave to amend.

The proposed amendment adds a defendant whose identity and actions have been known to the Defendant since the inception of this case, as he is identified by name in Plaintiff's First

Amended Complaint. Plaintiff respectfully notes that further discovery may reveal the need for a subsequent amendment, but files this motion now to comply with the Court's scheduling deadlines.

## II. LEGAL STANDARD

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court "should freely give leave when justice so requires." This standard ensures that cases are decided on their merits rather than on procedural technicalities. See *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should only be denied for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Id*. In the absence of such factors, the requested leave should be granted.

## III. ARGUMENT

The Foman factors strongly weigh in favor of granting Plaintiff's motion.

**A. There is No Undue Delay or Bad Faith.**

Plaintiff has not unduly delayed in seeking this amendment. The decision to wait for discovery was a prudent one, aimed at consolidating all necessary amendments into a single motion. The need to file now arises directly from the Court's orders bifurcating and extending the discovery schedule, which complicates the timing relative to the amendment deadline. This motion is a proactive measure to conform to the case schedule, not a result of neglect or dilatory tactics. The motion is filed in good faith to ensure that the individual who personally sent the text messages at issue is held accountable for his alleged conduct.

**B. The Amendment Will Not Cause Undue Prejudice to Defendant.**

Defendant Sienna Marketing & Consulting, Inc. ("Sienna") will not suffer undue prejudice. The proposed new defendant, Vincent Palazzo, is Defendant Sienna's agent. His identity and his

alleged actions, specifically, sending the text messages to Plaintiff, were explicitly detailed in the First Amended Complaint. Therefore, the factual basis for the claims against Mr. Palazzo is not new, and his addition cannot be a surprise to Sienna.

Furthermore, with the recent extension of Phase I discovery to October 27, 2025, all parties will have ample time to conduct discovery regarding Mr. Palazzo's involvement. The core issues of the case remain the same, and allowing the amendment will not significantly disrupt the litigation schedule.

**C. The Proposed Amendment is Not Futile.**

The proposed amendment is not futile. It seeks to add claims for direct liability against the individual who allegedly violated the Telephone Consumer Protection Act (TCPA). Individuals may be held directly liable under the TCPA if they personally participated in the unlawful conduct. The allegations in the proposed Second Amended Complaint plausibly state a claim for relief against Mr. Palazzo. Therefore, the amendment is not futile.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Leave to Amend Complaint and permit him to file the proposed Second Amended Complaint attached as **Exhibit A**.

Dated: September 4, 2025                                Respectfully submitted,

                                                                Mark Anthony Ortega
                                                                Plaintiff, Pro Se
                                                                /s/ *Mark Anthony Ortega*
                                                                mortega@utexas.edu
                                                                PO Box 702099
                                                                San Antonio, TX 78270
                                                                Telephone: (210) 744-9663

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I served a true and correct copy of this document on the parties and/or attorneys of record via email and CM/ECF System.

**Robert Scott**
State Bar No. 17911800
**Bobbye Pyke**
State Bar No. 24123274
**Jeffrey N. Rosenthal**
Pennsylvania Bar No. 209334
**BLANK ROME LLP**
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com
**Attorneys for Defendant**

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega