IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK ORTEGA,** , | § § § | |
| Plaintiff, | § § | CIVIL ACTION No. 5:24-cv-487 |
| v. | § § | |
| **SIENNA MARKETING & CONSULTING, INC.,** a New York Corporation | § § § § | |
| Defendant. | § § | |

**DEFENDANT SIENNA MARKETING & CONSULTING, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

NOW COMES Defendant Sienna Marketing & Consulting, Inc. ("Defendant"), by and through its undersigned attorneys, and for its Response in Opposition to Plaintiff Mark Ortega's ("Plaintiff") Motion for Leave to Amend Complaint [ECF No. 48] (the "Motion"), states as follows:

1. On September 4, 2025, Plaintiff filed his Motion in which he seeks to file a Second Amended Complaint to add another defendant to this action.

2. Setting aside the merits of Plaintiff's ability to assert claims against this proposed additional defendant—which will be addressed at the appropriate time—the Motion is procedurally improper. Specifically, the Motion lacks any statement as to Plaintiff's compliance with Western District of Texas Local Rule CV-7(g).

3. Local Rule CV-7(g) provides:

> **Conference Required**. The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made[.]

4. Plaintiff did not confer—or attempt to confer—with Defendant prior to filing the Motion, which is unquestionably a "nondispositive motion" under W.D. Tex. R. CV-7(g).

5. Plaintiff also did not include a statement in compliance with Local Rule CV-7(g).

6. It is well settled that failure to comply with Local Rule CV-7(g)—as seen here—can result in the denial of the motion. *See Berrios v. Cox*, 2024 WL 3223689 at *1 (W.D. Tex. 2024). That is the appropriate outcome based on Plaintiff's flouting of this Court's rules.

7. Moreover, Judge Orlando Garcia's standing order similarly provides that "[t]he Court may strike any non-dispositive motions that do not include a Certificate of Conference. *See* W.D. Tex. R. CV-7(g)."

8. Nor does Plaintiff's status as a *pro se* litigant excuse him from complying with the applicable procedural rules. *See Hawbecker v. Hall*, 88 F.Supp.3d 723, 726 (W.D. Tex. 2015).

9. In fact, Plaintiff has been repeatedly warned that he must comply with this Court's rules—and has previously failed to do so. [ECF No. 31.]

10. Plaintiff's instant failure to comply with Local Rule CV-7(g)—or to even attempt to meet and confer with Defendant—should therefore result in the denial of the Motion.

WHEREFORE, Defendant Sienna Marketing & Consulting, Inc. respectfully requests that this Honorable Court enter an Order: (1) denying Plaintiff's Motion for Leave to Amend Complaint; and (2) granting such other and further relief as this Court deems just and appropriate.

DATED: September 18, 2025            Respectfully submitted,

By: */s/ Robert Scott*
    Robert Scott
    State Bar No. 17911800
    Bobbye Pyke (court admission application filed)
    State Bar No. 24123274
    Jeffrey N. Rosenthal (*admitted pro hac vice*)
    Pennsylvania Bar No. 209334
    BLANK ROME LLP

717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
robert.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com

**ATTORNEYS FOR DEFENDANT SIENNA MARKETING & CONSULTING, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025, a true and correct copy of this document was filed on the Court's CM/ECF website, which will provide notice to the below party(ies).

Mark Anthony Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

Plaintiff

By: */s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal