IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § § § | |
| *Plaintiff,* | § § § | SA-24-CV-00487-OLG |
| vs. | § § § | |
| SIENNA MARKETING & CONSULTING INC.,, | § § § § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Amend Scheduling Order, for Leave to File Second Amended Complaint, for Sanctions, for a Protective Order and for Order Governing Future Conferrals [#54]. By his motion, Plaintiff asks the Court to do the following: (1) amend the governing Scheduling Order and extend the deadlines for completing discovery, designating experts, and the filing of dispositive motions by nine months; (2) allow him to file a Second Amended Complaint; (3) award sanctions against Defendant's counsel for bad-faith conduct in discovery; (4) grant a protective order quashing a deposition noticed for October 24, 2025; and (5) order that all future conferrals between the parties be conducted in writing via email or on a recorded call to prevent further disputes.

The issue regarding the October 24, 2025 deposition is moot, as the parties reached an agreement to reschedule the deposition. Defendant also does not oppose Plaintiff's request to file a Second Amended Complaint, so the Court will allow the agreed amendment. After considering the motion and the response and reply thereto [#55, #56] as to the remaining disputed issues, the Court will deny the motion.

1

First, Plaintiff's request to amend the Scheduling Order is premature. The Court previously ordered phased discovery, limiting the first phase of discovery to whether Plaintiff held out his phone number as a business number. The deadline for Phase I of discovery expired on October 27, 2025 [#46]. The Court previously indicated that after the close of Phase I of discovery, either party may request an extension of any other deadline contained in the Court's Scheduling Order [#32]. Plaintiff filed his motion on October 9, 2025, weeks before the close of Phase I of discovery. The motion was therefore premature when filed. Now that Phase I has closed, the parties should confer on the governing Scheduling Order and file a motion for entry of an Amended Scheduling Order for Phase II of discovery and the remaining deadlines as needed.

Second, Plaintiff has not satisfied the high burden for imposing sanctions on Defendant. Plaintiff argues that the Court should sanction Defendant for failing to clearly state whether it was opposed or unopposed to his motion based on its inherent authority to sanction bad faith conduct and under its statutory power to sanction under 28 U.S.C. § 1927. A court possesses the inherent power to impose sanctions on a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Additionally, under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiff is *pro se* and would not be entitled to attorneys' fees. Moreover, Plaintiff has not presented the Court with any evidence of bad faith conduct by Defendant to justify the imposition of any sanction under these standards.

Finally, the Court will deny Plaintiff's request to have all future conferrals in writing or on a recorded call. If he wishes, Plaintiff may follow any conference with Defendant's counsel with an email in which he restates his understanding of the substance of the conferral and request Defendant's confirmation in writing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Scheduling Order, for Leave to File Second Amended Complaint, for Sanctions, for a Protective Order and for Order Governing Future Conferrals [#54] is **GRANTED IN PART** as to Plaintiff's request to file a Second Amended Complaint. The motion is in all other respects **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court docket Plaintiff's Second Amended Complaint [#54-1] and add Vincent Palazzo as an additional Defendant.

SIGNED this 3rd day of November, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE