# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ORTEGA, § | |
| § | |
| Plaintiff, § | |
| vs. § | |
| § | Case No. 5:24-CV-00487-OLG |
| SIENNA MARKETING & CONSULTING, § | |
| INC. a New York Corporation and § | |
| VINCENT PALAZZO, § | |
| Defendants. § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this Complaint and Demand for Jury Trial against Defendants Sienna Marketing & Consulting, Inc. ("Sienna") and Vincent Palazzo ("Palazzo") (collectively "Defendants") to stop them from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls without consent to Plaintiff who registered his phone number on the National Do Not Call registry ("DNC"). The Plaintiff also alleges that Defendants violated the Texas Telephone Solicitation Act ("TTSA") by making telemarketing calls to consumers in Texas.

Plaintiff also seeks injunctive and monetary relief for injuries related to Defendants' conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his former attorney.

## PARTIES

1. Plaintiff is an individual residing in this District.

2. Defendant Sienna is a New York corporation that conducts business in this District.

3. Defendant Vincent Palazzo is an individual who, upon information and belief, resides in the State of New York.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants because the calls to the Plaintiff were received in this District. The Court also has supplemental jurisdiction because the TTSA claims relates to the same telemarketing campaign as the TCPA.

5. This Court has personal jurisdiction over the Defendants because the calls to Plaintiff were made into and received in this District.

6. The venue is proper under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims were directed to this District, such as, the Defendants made the calls at issue into this District.

## INTRODUCTION

7. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 § C.F.R 64.1200 (c)(2).

8. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

9. The TCPA and implementing regulations prohibit the initiation of telephone

10. solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

11. Defendant Sienna offers financing services.

12. Defendant Sienna uses telemarketing to promote its services and solicit new clients.

13. Defendant Sienna operates as Creative Capital Solutions.

14. Plaintiff is an individual who was in Texas at the time of the messages.

15. Plaintiff's telephone number is (210)-744-9663.

16. At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with digits 744 primarily for residential purposes.

17. Plaintiff primarily utilizes this number for personal calls, text messaging with family and friends, and managing his personal affairs.

18. Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

19. Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

20. Plaintiff never provided Defendants with his express consent to be initially contacted.

21. Plaintiff has no existing business relationship with Defendants. Despite that, Defendant Palazzo, acting as an agent for Defendant Sienna, sent at least ten messages to Plaintiff.

22. Upon information and belief, Defendant Sienna transmitted non-working number for Caller ID.

23. On or around March 7, 2024, Plaintiff received an unsolicited telemarketing call on his cell phone, initiated by Defendant Sienna through an automated system, from the number 718-541-2634.

24. When this call was answered, there was a distinct pause and delay before anyone answered.

25. The distinct pause and delay before a live representative answered Plaintiff's call demonstrates that the dialing system used by Defendant Sienna possessed the present capacity to store or produce telephone numbers and dial those numbers automatically. This shows that the system was working through a list of numbers and not operating under the direct control of a human caller for each individual call.

26. During the call, a customer caller asked Plaintiff questions before transferring him to a telemarketing agent for Defendant Sienna, who identified himself as Vincent Palazzo.

27. Defendant Sienna was not identified either through Caller ID or at the start of the telemarketing call, thus the Plaintiff went through the telemarketing process so he could identify the company.

28. On or around March 7, 2024, Plaintiff received a text message from Defendant Palazzo, acting as Defendant Sienna's agent, with his contact information. Plaintiff responded by stating: "Stop I'm not interest and on the do not call list. Don't contact me anymore."

29. Upon information and belief, Defendants have the capability of immediately complying with Plaintiff's do-not-call request.

30. On or around March 8, 2024, a day after Plaintiff explicitly revoked consent to be contacted, Defendant Palazzo sent nine messages to Plaintiff's cellular telephone number.

31. The first five messages, sent by Defendant Palazzo in rapid succession, attempted to downplay Plaintiff's prior conversation stating "I'm confused" and "Did we not talk about funding for inventory?"

32. When Plaintiff did not respond, Defendant Palazzo sent four more messages approximately an hour later, again attempting to re-engage Plaintiff by stating "Mark," "It's

33. Vince," "Not the other guys," and "Send me bank statements."

34.     None of the messages sent by Defendant Palazzo acknowledged Plaintiff's revocation of consent, instead he chose to disregard the request and continued attempting to pursue a business relationship with Plaintiff.

35.     The text messages Defendant Palazzo sent to Plaintiff, acting as Defendant Sienna's agent, are shown below:



36.     The unauthorized telephonic communications that Plaintiff received from Defendants, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

5

37. Seeking redress for these injuries, Plaintiff Ortega bring suit under the TCPA.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. 227(c))

38. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing calls to the Plaintiff despite their numbers being on the National Do Not Call Registry.

40. Defendants' violations were negligent, willful, or knowing. Defendant Palazzo is directly liable as he personally sent the text messages to Plaintiff after being notified Plaintiff was on the Do Not Call list. Defendant Sienna is directly and vicariously liable for the actions of its agent, Defendant Palazzo.

41. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

42. Plaintiff is also entitled to seek injunctive relief prohibiting Defendants' from making telemarketing calls to numbers to Plaintiff in the future.

## COUNT II
### Telephone Consumer Protection Act
### (Violation of 47 C.F.R § 64.1200)

43. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

44. Under 47 C.F.R § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on

behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call or telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

45. Notably, the protections of the internal do-not-call regulations under 47 C.F.R. § 64.1200(d) apply to wireless telephone numbers. The Federal Communications Commission ("FCC") treats wireless subscribers as "residential subscribers" for the purposes of these rules, regardless of whether the wireless number is also used for business purposes. Therefore, Defendants' obligation to honor Plaintiff's do-not-call request is not exempted or diminished by any alleged business use of Plaintiff's cellular telephone.

46. On March 7, 2024, Plaintiff made an explicit and unambiguous do-not-call request directly to Defendant Palazzo, who was acting as an agent for Defendant Sienna. Despite receiving this direct request, Defendant Palazzo, on behalf of Defendant Sienna, placed at least nine more calls (in the form of text messages) to Plaintiff's telephone number the very next day. This demonstrates that Defendants either failed to maintain an internal do-not-call list, failed to have a policy for honoring requests made to that list, or willfully disregarded such a policy, in direct violation of the regulations.

47. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C § 227(c)(5).  Plaintiff received at least nine calls from Defendants in the 24-hour period immediately following his do-not-call request, squarely satisfying this statutory requirement.

48. Defendants have therefore violated 47 U.S.C § 227(c)(5). Defendant Palazzo is directly and personally liable because he personally received the do-not-call request and then personally sent the subsequent violating text messages. Defendant Sienna is directly and vicariously liable

because it failed to implement and follow the required procedures, and because it is liable for the actions of its agent.

49.    As a direct and proximate result of Defendants' knowing and/or willful violations, Plaintiff is entitled to statutory damages of up to $1,500 for each and every call made in violation of the regulations.

**COUNT III**
**Violation of Texas Telephone Solicitation Act**
**Tex. Bus. & Com. Code Ann. § 305**

50.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

51.    It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann. § 305.001.

52.    The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

53.    Defendants violated the TTSA by originating telephonic communications to Plaintiff, a person located in Texas, in violation of the TCPA and its implementing regulations as detailed in Counts I and II of this Complaint. Specifically, Defendants contacted Plaintiff's number despite it

9

being on the National Do Not Call Registry and continued to contact him after he made a specific do-not-call request.

54. Defendant Palazzo is directly liable under the TTSA as the person who personally originated the unlawful communications. Defendant Sienna is directly and vicariously liable as the entity on whose behalf the communications were made and for the actions of its agent.

55. As a result of Defendants' conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *See id.*

56. To the extent Defendants' misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by Plaintiff.

## COUNT IV
### Violation of Texas Regulation of Telephone Solicitation
### Tex. Bus. & Com. Code Ann. § 302

57. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

58. Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

59. Upon information and belief, Defendant Sienna is a "seller" as defined by the statute. In violation of the Code, Defendant Sienna, acting through its agent Defendant Palazzo, made

telephonic solicitations to Plaintiff, a person located in Texas, without holding the required registration certificate from the Texas Secretary of State at the time the calls were made.

60. As a result of Defendants' conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and is entitled to a maximum of $5,000.00 in damages for each violation.

61. Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mark Ortega, prays for judgment against Defendants Sienna Marketing & Consulting, Inc. and Vincent Palazzo, jointly and severally where applicable, as follows:

a) For an award of statutory damages against Defendants Sienna and Palazzo, jointly and severally, pursuant to the TCPA, 47 U.S.C. § 227(c), in the amount of $500 for each and every call made in violation of the National Do Not Call Registry and the internal do-not-call regulations, to be trebled to $1,500 for each and every willful or knowing violation;

b) For an award of statutory damages against Defendants Sienna and Palazzo, jointly and severally, pursuant to the TTSA, Tex. Bus. & Com. Code § 305.053, in the amount of at least $500 for each and every violation, to be trebled for each and every willful or knowing violation;

c) For an award of statutory damages against Defendants Sienna and Palazzo, jointly and severally, pursuant to Tex. Bus. & Com. Code § 302.302(a), in an amount up to $5,000 for their violations of the Texas registration requirements;

d) An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to Plaintiff, absent an emergency circumstance;

e) An award to Plaintiff of all reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred pursuant to Tex. Bus. & Com. Code §302.302(d);

f) An award to Plaintiff of damages, as allowed by law;

g) An award of pre-judgment and post-judgment interest, as allowed by law; and

h) Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial.

DATED this 4th day of September 2025.                Respectfully Submitted,

*/s/Mark Anthony Ortega*
Mark Anthony Ortega
PO Box 702099,
San Antonio, TX 78231
mortega@utexas.edu
(210) 744-9663

## **CERTIFICATE OF SERVICE**

    I certify that on September 4, 2025, a copy of this document was served on Counsel for Defendant, through the Court's CM/ECF filing system.

                                                        /s/*Mark Anthony Ortega*
                                                        Mark Anthony Ortega