**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK ORTEGA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SIENNA MARKETING & CONSULTING, INC. | § | Case No. 5:24-CV-00487-OLG |
| a New York Corporation and VINCENT | § | |
| PALAZZO, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT SIENNA MARKETING & CONSULTING, INC.'S**
**OPPOSED MOTION TO CONTINUE BIFURCATED DISCOVERY, TO STAY**
**RESPONSES TO PLAINTIFF'S UNTIMELY WRITTEN DISCOVERY, AND**
**TO SET A BRIEFING SCHEDULE ON ITS FORTHCOMING**
**MOTION FOR SUMMARY JUDGMENT**

**NOW COMES** Defendants Sienna Marketing & Consulting, Inc. and Vincet Palazzo (collectively, "Sienna" or "Defendants"), by and through their undersigned attorneys, and for their *Opposed Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment* (the "Motion"), state as follows:

1.      Plaintiff brings his lawsuit against, *inter alia*, Sienna, arising out of a phone call and text messages he received from Defendants, which Plaintiff alleges violates the Telephone Consumer Protection Act and the Texas Telephone Solicitation Act, and each of their supporting regulations.

2.      Defendants dispute that they committed a breach of the implicated statutes and affirmatively argue the phone number on which Plaintiff received the subject calls and text messages is a business number, and therefore, not subject to do not call protections.

1

3.    By order dated April 30, 2025 [Dkt. 33], this Court ordered that discovery in this matter be bifurcated and completed in two phases.  Phase 1 consisted solely of discovery as to "whether Plaintiff held his phone number out to the public as a business number."

4.    By that same order, the Court set this matter for status "to address the next phase of discovery and whether all limitations on discovery should be lifted[.]" [Dkt. 33].

5.    By order dated July 30, 2025, the Court extended Phase 1 of the previously entered bifurcated discovery schedule by ninety days to October 27, 2025, but did not set a new status date to update the Court on the status of the bifurcated discovery. [Dkt. 46].

6.    Sienna took Plaintiff's deposition on October 21, 2025.

7.    Based on the responses given at Plaintiff's deposition, Sienna issued additional Requests for Production on Plaintiff on October 23, 2025, as to the business number issue. Plaintiff's responses to those Requests for Production were due on November 24, 2025—but have not been received by Sienna.

8.    As a result, Phase 1 of discovery is still ongoing.

9.    Based on the testimony elicited at that deposition, and the discovery responses and documents produced by Plaintiff in response to written discovery (including the responses and additional documents to be produced in response to Sienna's October 23, 2025, Requests to Produce—which are still outstanding), Sienna believes it has, or will have, the information necessary to file a dispositive motion for summary judgment as to the business number issue, as contemplated by Defendant in the Parties' Joint 26(f) Pretrial Report. [Dkt. 28].

10.    As previously addressed, and as this Court recognized in granting Sienna's bifurcation request, bifurcation is eminently appropriate where, as here, the "resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary." *See Tabor v. New*

*York City*, 2012 U.S. Dist. LEXIS 29004, 2012 WL 603561, at *31-32 (E.D.N.Y. Feb. 23, 2012), *adopted by*, 2012 U.S. Dist. LEXIS 34472 (E.D.N.Y. Mar. 14, 2012); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 U.S. Dist. LEXIS 140535, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015 (granting motion to bifurcate and initially limiting discovery in TCPA action to whether calls the named plaintiff received were dialed manually and how many calls she received); *see also Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 U.S. Dist. LEXIS 13523, at *11 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate in a TCPA class action where "a narrow, potentially dispositive issue" existed that was "totally distinct from class issues").

11.     As "in all discovery matters, the district court has broad discretion in limiting the scope of discovery" this Court should continue with the spirit of its earlier rulings and continue the stay of discovery outside the scope of Phase 1 to allow for Sienna to file its motion for summary judgment.[1] *See Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (citations omitted).

12.     Despite Phase 1 of discovery not being complete, and in violation of the Court's April 30, 2025, Order [Dkt. 33], on November 1, 2025, Plaintiff issued written discovery outside the scope of Phase 1, including Requests to Produce, Requests to Admit, and Interrogatories to Sienna.[2]

13.     Sienna now requests that a briefing schedule be entered on its forthcoming Motion for Summary Judgment and that this Court continue the stay of Phase 2 of discovery in this matter until further order of Court and after ruling on the forthcoming Motion for Summary Judgment.

---

[1] Plaintiff previously filed a motion to reconsider this Court's order bifurcating discovery, [Dkt. 36], which this Court also denied. [Dkt. 38].

[2] Sienna objects to all of Plaintiff's written discovery as untimely and in violation of the Court's previous scheduling order [Dkt. 33]. However, due to the penalties involved with failing to answer Requests to Admit, Sienna will be responding to the Requests to Admit pursuant to the Federal Rules of Civil Procedure.

14.     Sienna's counsel and Plaintiff, who is proceeding in this matter *pro se*, participated in a meet and confer discussion on November 11, 2025. During the meet and confer discussion, Sienna's counsel stated it would be representing newly added defendant Vincent Palazzo and agreed to waive service on behalf of Mr. Palazzo.

15.     Also as part of the meet and confer discussion, Defendants' counsel asked for Plaintiff to: (1) agree to a briefing schedule on Sienna's forthcoming Motion for Summary Judgment; (2) agree to stay responses to Plaintiff's written discovery requests; and (3) provide Plaintiff's proposed schedule for this matter post Phase 1 of discovery.  Despite Defendants' good faith attempt to resolve the matter by agreement, Plaintiff refused the first two requests.  In response to the third request, Plaintiff said he would provide his proposed schedule for this matter post-Phase 1 by Tuesday November 18, 2025.

16.     Plaintiff then backtracked on this statement, and by email dated November 11, 2025, instead stated: "It would be better for us to come up with a proposed scheduling order once we have both Sienna and Palazzo's answers on file so we have an understanding of all positions and can plan a schedule accordingly. I'll provide you proposed dates within a week after both answers are on file."[3] A true and correct copy of the email correspondence (including Sienna's counsel's reply on November 13, 2025) is attached hereto as **Exhibit A**.

17.     This was unacceptable to Defendants, who renewed their request that Plaintiff abide by his initial agreement and provide a proposed schedule by close of business on Tuesday November 18, 2025. *See*, Ex. A.

18.     Plaintiff did not comply with this request.  To date, Plaintiff has not provided his proposed schedule nor even responded to the November 18, 2025, email.

---

[3]  Defendant Palazzo's response date to the Second Amended Complaint is January 12, 2026.

4

**WHEREFORE**, Defendants Sienna Marketing & Consulting, Inc. and Vincent Palazzo respectfully requests that this Honorable Court enter an order:

(1) granting this Motion;

(2) setting a briefing schedule on Defendants' forthcoming Motion for Summary Judgment, whereby Defendants will have forty-five (45) days to file their Motion for Summary Judgment (accounting for the impending holiday season); Plaintiff will then have thirty (30) days thereafter to file his response in opposition to the Motion for Summary Judgment; and Defendants will then have fourteen (14) days thereafter to file their reply in support of its Motion for Summary Judgment;

(3) Continuing the stay of discovery entered by this Court in Phase I until a ruling on Defendants' Motion for Summary Judgment, and specifically staying any response to Plaintiff's written discovery requests to Defendants until further order of Court; and

(4) for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/Robert Scott*

    Robert Scott
    State Bar No. 17911800
    Jeffrey N. Rosenthal (admitted *pro hac vice*)
    Pennsylvania Bar No. 209334
    Scott M. Kaplan (admitted *pro hac vice*)
    BLANK ROME LLP
    717 Texas Avenue, Suite 1400
    Houston, Texas 77002
    (713) 228-6601
    (713) 228-6605 (fax)
    bob.scott@blankrome.com
    jeffrey.rosenthal@blankrome.com
    scott.kaplan@blankrome.com

**ATTORNEYS FOR DEFENDANT SIENNA MARKETING & CONSULTING, INC.**

Dated: November 25, 2025

### CERTIFICATION PURSUANT TO LOCAL RULE 7(G)

Before filing this Motion, counsel for Defendant Sienna Marketing & Consulting, Inc. participated in a meet and confer discussion with Plaintiff (who is proceeding *pro se*) on November 11, 2025. At that time, the relief requested in this Motion was discussed in good faith. However, Plaintiff would not agree to the relief sought, necessitating the filing of the instant Motion. A true and correct copy of the email correspondence setting up the November 11, 2025, meet and confer discussion is attached hereto as **Exhibit B**.

*/s/ Scott M. Kaplan*
Scott M. Kaplan, one of Sienna
Marketing & Consulting, Inc.'s
attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, I served a true and correct copy of this

document on the parties and/or attorneys of record via email.


Mark Anthony Ortega
morteg@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663


Plaintiff


By: /s/ Scott M. Kaplan
Scott M. Kaplan