**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

MARK ORTEGA, §
§
Plaintiff, §
§
vs. §    Case No. 5:24-CV-00487-OLG
§
SIENNA MARKETING & CONSULTING, INC. §
a New York Corporation and VINCENT §
PALAZZO, §
§
Defendants. §
§

**DEFENDANT SIENNA MARKETING & CONSULTING, INC.'S ANSWER WITH**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Vincent Palazzo ("Defendant" or "Palazzo") hereby answers Plaintiff Mark

Ortega's ("Plaintiff") Second Amended Complaint (the "Complaint") as follows:

In responding to the Complaint, Defendant denies all allegations contained therein unless

specifically admitted below in response to the Complaint.

**PARTIES**

1.    Plaintiff is an individual residing in this District.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a basis to the truth

of the allegations in Paragraph 1, and on that basis, denies each and every allegation contained in

Paragraph 1.

2.    Defendant Sienna is a New York corporation that conducts business in this District.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a basis as to the

truth of the allegations in Paragraph 2, and on that basis, denies each and every allegation contained

in Paragraph 2.

1

3.      Defendant Vincent Palazzo is an individual who, upon information and belief, resides in the State of New York.

**ANSWER:** Admitted.

**JURISDICTION AND VENUE**

4.      This Court has personal jurisdiction over Defendants because the calls to the Plaintiff were received in this District. The Court also has supplemental jurisdiction because the TTSA claims relates to the same telemarketing campaign as the TCPA.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the Telephone Consumer Protection Act ("TCPA") and the Texas Telephone Solicitation Act ("TTSA") speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 4.

5.      This Court has personal jurisdiction over the Defendants because the calls to Plaintiff were made into and received in this District.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 5.

6.      The venue is proper under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims were directed to this District, such as, the Defendants made the calls at issue into this District.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 6.

## INTRODUCTION

7.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 § C.F.R 64.1200 (c)(2).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 7.

8.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 8.

9-10.   The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA speaks for itself and denies any allegations that are inconsistent

therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 10.

## FACTUAL ALLEGATIONS

11.    Defendant Sienna offers financing services.

**ANSWER:** Denied as stated. It is admitted only that Sienna offers various small business lending services to businesses.

12.    Defendant Sienna uses telemarketing to promote its services and solicit new clients.

**ANSWER:** Admitted in part; denied in part.  It is admitted only that Sienna utilizes telephones to complete various business functions.   The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each of these allegations.

13.    Defendant Sienna operates as Creative Capital Solutions.

**ANSWER:** Admitted.

14.    Plaintiff is an individual who was in Texas at the time of the messages.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 14, and on that basis, denies each and every allegation contained in Paragraph 14.

15.    Plaintiff's telephone number is (210)-744-9663.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 15, and on that basis, denies each and every allegation contained in Paragraph 15.

16.    At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with digits 744 primarily for residential purposes.

4

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 16.

17. Plaintiff primarily utilizes this number for personal calls, text messaging with family and friends, and managing his personal affairs.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 17.

18. Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 18, and on that basis, denies each and every allegation contained in Paragraph 18.

19. Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 19, and on that basis, denies each and every allegation contained in Paragraph 19.

20. Plaintiff never provided Defendants with his express consent to be initially contacted.

**ANSWER:** Denied.

21. Plaintiff has no existing business relationship with Defendants. Despite that, Defendant Palazzo, acting as an agent for Defendant Sienna, sent at least ten messages to Plaintiff.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 21.

22.     Upon information and belief, Defendant Sienna transmitted non-working number for Caller ID.

**ANSWER:** Denied.

23.     On or around March 7, 2024, Plaintiff received an unsolicited telemarketing call on his cell phone, initiated by Defendant Sienna through an automated system, from the number 718-5412634.

**ANSWER:** Admitted in part; denied in part. It is admitted only that Plaintiff received a telephone call from Defendants. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

24.     When this call was answered, there was a distinct pause and delay before anyone answered.

**ANSWER:** Denied.

25.     The distinct pause and delay before a live representative answered Plaintiff's call demonstrates that the dialing system used by Defendant Sienna possessed the present capacity to store or produce telephone numbers and dial those numbers automatically. This shows that the system was working through a list of numbers and not operating under the direct control of a human caller for each individual call.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 25.

26.     During the call, a customer caller asked Plaintiff questions before transferring him to a telemarketing agent for Defendant Sienna, who identified himself as Vincent Palazzo.

**ANSWER:** Admitted in part; denied in part. Admitted only that during the call a customer caller asked Plaintiff questions before transferring him to Palazzo. Denied as to any and all remaining allegations in this paragraph.

27.    Defendant Sienna was not identified either through Caller ID or at the start of the telemarketing call, thus the Plaintiff went through the telemarketing process so he could identify the company.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. By way of further response, during this call, Plaintiff provided consent for Defendant to send text messages. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 27.

28.    On or around March 7, 2024, Plaintiff received a text message from Defendant Palazzo, acting as Defendant Sienna's agent, with his contact information. Plaintiff responded by stating: "Stop I'm not interest and on the do not call list. Don't contact me anymore."

**ANSWER:**  Admitted in part, denied in part.  It is admitted only that Plaintiff received a text message from Palazzo on or around March 7, 2025, and responded thereto.  Defendant denies each and every allegation contained in Paragraph 28.

29.    Upon information and belief, Defendants have the capability of immediately complying with Plaintiff's do-not-call request.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 29.

30.    On or around March 8, 2024, a day after Plaintiff explicitly revoked consent to be contacted, Defendant Palazzo sent nine messages to Plaintiff's cellular telephone number.

**ANSWER:** Admitted in part; denied in part. Admitted as to on or around March 8, 2024, Defendant Palazzo sent nine text messages to Plaintiff's cellular telephone number. Denied as to all remaining allegations contained in Paragraph 30.

31. The first five messages, sent by Defendant Palazzo in rapid succession, attempted to downplay Plaintiff's prior conversation stating "I'm confused" and "Did we not talk about funding for inventory?"

**ANSWER:** Denied as stated. The messages are documents which speak for themselves, any characterization thereof is denied. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

32.-33. When Plaintiff did not respond, Defendant Palazzo sent four more messages approximately an hour later, again attempting to re-engage Plaintiff by stating "Mark," "It's Vince," "Not the other guys," and "Send me bank statements."

**ANSWER:** Denied as stated. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

34. None of the messages sent by Defendant Palazzo acknowledged Plaintiff's revocation of consent, instead he chose to disregard the request and continued attempting to pursue a business relationship with Plaintiff.

**ANSWER:** Denied as stated. By way of further response, Plaintiff created a business relationship when he provided consent for Defendant to send text messages during the phone call. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

35.    The text messages Defendant Palazzo sent to Plaintiff, acting as Defendant Sienna's agent, are shown below:



**ANSWER:**    Admitted in part denied in part.  It is admitted only that the above screenshot purports to be text messages sent to Plaintiff. The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each of these allegations.

36.     The unauthorized telephonic communications that Plaintiff received from Defendants, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

**ANSWER:** Denied. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

37.     Seeking redress for these injuries, Plaintiff Ortega bring suit under the TCPA.

**ANSWER:** It is admitted only that Plaintiff seeks the relief referenced in the paragraph. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies each of these allegations.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c))**

38.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

**ANSWER:** This incorporation requires no answer.

39.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing calls to the Plaintiff despite their numbers being on the National Do Not Call Registry.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 39.

40.     Defendants' violations were negligent, willful, or knowing. Defendant Palazzo is directly liable as he personally sent the text messages to Plaintiff after being notified Plaintiff was on the

Do Not Call list. Defendant Sienna is directly and vicariously liable for the actions of its agent, Defendant Palazzo.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 40.

41.     As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 41.

42.     Plaintiff is also entitled to seek injunctive relief prohibiting Defendants' from making telemarketing calls to numbers to Plaintiff in the future.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 42.

**COUNT II**
**Telephone Consumer Protection Act**
**(Violation of 47 C.F.R § 64.1200)**

43.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

**ANSWER:** This incorporation requires no answer.

44.     Under 47 C.F.R § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures

for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf

of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call or telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

> **ANSWER:** This paragraph consists of legal conclusions to which no response is required.

Defendant states that the TCPA and its implementing regulations speak for themselves and denies

any allegations that are inconsistent therewith.  To the extent a further response is required,

Defendant denies each and every allegation contained in Paragraph 44.

45.    Notably, the protections of the internal do-not-call regulations under 47 C.F.R. § 64.1200(d) apply to wireless telephone numbers. The Federal Communications Commission ("FCC") treats wireless subscribers as "residential subscribers" for the purposes of these rules, regardless of whether the wireless number is also used for business purposes. Therefore, Defendants' obligation to honor Plaintiff's do-not-call request is not exempted or diminished by any alleged business use of Plaintiff's cellular telephone.

**ANSWER:**  Denied. Further answering, the Supreme Court recently ruled in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, that district courts are not bound by the FCC's interpretation of the TCPA.

46.    On March 7, 2024, Plaintiff made an explicit and unambiguous do-not-call request directly to Defendant Palazzo, who was acting as an agent for Defendant Sienna. Despite receiving this direct request, Defendant Palazzo, on behalf of Defendant Sienna, placed at least nine more calls (in the form of text messages) to Plaintiff's telephone number the very next day.  This demonstrates that Defendants either failed to maintain an internal do-not-call list, failed to have a policy for honoring requests made to that list, or willfully disregarded such a policy, in direct violation of the regulations.

**ANSWER:**  Denied.  Further answering, Plaintiff expressly consented to \ Palazzo texting Plaintiff.  Defendant denies each and every remaining allegation contained in paragraph 46.

47.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C § 227(c)(5). Plaintiff received at least nine calls from

Defendants in the 24-hour period immediately following his do-not-call request, squarely satisfying this statutory requirement.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 47.

48. Defendants have therefore violated 47 U.S.C § 227(c)(5). Defendant Palazzo is directly and personally liable because he personally received the do-not-call request and then personally sent the subsequent violating text messages. Defendant Sienna is directly and vicariously liable because it failed to implement and follow the required procedures, and because it is liable for the actions of its agent.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TCPA and its implementing regulations speak for themselves and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 48.

49. As a direct and proximate result of Defendants' knowing and/or willful violations, Plaintiff is entitled to statutory damages of up to $1,500 for each and every call made in violation of the regulations.

**ANSWER:** Denied.

## COUNT III
### Violation of Texas Telephone Solicitation Act
### Tex. Bus. & Com. Code Ann. § 305

50. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

**ANSWER:** This incorporation requires no answer.

14

51.     It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann. § 305.001.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 51.

52.     The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith.  To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 52.

53.     Defendants violated the TTSA by originating telephonic communications to Plaintiff, a person located in Texas, in violation of the TCPA and its implementing regulations as detailed in Counts I and II of this Complaint. Specifically, Defendants contacted Plaintiff's number despite it

being on the National Do Not Call Registry and continued to contact him after he made a specific do-not-call request.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 53.

54. Defendant Palazzo is directly liable under the TTSA as the person who personally originated the unlawful communications. Defendant Sienna is directly and vicariously liable as the entity on whose behalf the communications were made and for the actions of its agent.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 54.

55. As a result of Defendants' conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *See id.*

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 55.

56. To the extent Defendants' misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by Plaintiff.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the TTSA speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 56.

**COUNT IV**
**Violation of Texas Regulation of Telephone Solicitation**
**Tex. Bus. & Com. Code Ann. § 302**

57.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference herein.

**ANSWER:** This incorporation requires no answer.

58.    Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 58.

59.    Upon information and belief, Defendant Sienna is a "seller" as defined by the statute. In violation of the Code, Defendant Sienna, acting through its agent Defendant Palazzo, made telephonic solicitations to Plaintiff, a person located in Texas, without holding the required registration certificate from the Texas Secretary of State at the time the calls were made.

17

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 59.

60.    As a result of Defendants' conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and is entitled to a maximum of $5,000.00 in damages for each violation.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 60.

61.    Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. Defendant states that the statute referenced in this paragraph speaks for itself and denies any allegations that are inconsistent therewith. To the extent a further response is required, Defendant denies each and every allegation contained in Paragraph 61.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based upon Defendant's current understanding of the claims

18

asserted by Plaintiff, and Defendant reserves the right to plead additional defenses when and if they become appropriate and/or available in this action.  Defendant may assert additional affirmative defenses to which it may be entitled, or which may be developed during discovery. In further response to the Complaint, Defendant asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint and each purported claim contained therein fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Lack of Article III Standing)**

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to Defendant's alleged conduct, to satisfy Article III standing.

**THIRD AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff lacks standing because he has not incurred a loss.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Statutory Standing)**

Plaintiff is not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

**SIXTH AFFIRMATIVE DEFENSE**
**(Unconstitutional Vagueness and Overbreadth)**

19

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Due Process)

The statutory damages allowed under the TCPA violate Defendant's substantive due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by Plaintiff, if any, which are inconsequential or immaterial.

## EIGHTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

The statutory penalties sought by Plaintiff are excessive and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

The Complaint and each purported claim contained therein are barred to the extent that Plaintiff provided consent for the alleged text message calls and calls to Defendant, or any third-party not named in the Complaint, including, without limitation, "prior express consent" under the TCPA.

20

## TENTH AFFIRMATIVE DEFENSE
### (No Automated Dialer)

The Complaint and each purported claim contained therein are barred to the extent that neither Defendant nor any agents or third parties acting under its direction or control employed an ATDS to transmit the alleged text message calls and calls.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Laches, Unclean Hands, Ratification, Satisfaction, and Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, ratification, satisfaction and/or applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

Plaintiff has waived his right to recover herein, in whole or in part, and/or his claims are barred by estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Any damages sustained by Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Own Actions or Inaction)

Plaintiff's damages, if any, have been caused by his own action or inaction, including, but not limited to, his provision of prior express consent to receive text message calls and calls.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Law)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Duplicative Relief)

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting Defendant to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Settlement Credits)

In the event that a settlement is reached between Plaintiff, on the one hand, and any other person or entity on the other hand, Defendant is entitled to any settlement credits permitted by law.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Not Knowing or Willful)

Plaintiff is precluded from any recovery from Defendant for a willing and knowing violation of the TCPA because any such violation, which Defendant denies occurred, would not have been willful or knowing.

## TWENTIETH AFFIRMATIVE DEFENSE
**(No Loss)**

Plaintiff's claims are barred because Plaintiff was not charged for the text messages referenced in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Mitigation)**

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate any of his alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Established Business Relationship)**

Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Claims Barred by Other States' Laws)**

Plaintiff's claims may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Consent to Call)**

Under Section 305.001, Defendant is not liable to Plaintiff because Plaintiff consented to receiving further communication from Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Business Customers)**

Under Section 302.058 Tex. Bus. & Com. Code, Plaintiff's claims are barred by the current customer relationship exemption to claims under Chapter 302.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Business Number)**

The subject phone number for which Plaintiff brings this lawsuit, including the purported Do-Not-Call violations, is a business number and therefore not appropriate for registration on the Do-Not-Call list or bringing claims under the TCPA, its implementing regulations, and any state law claims.

**TENETY-SEVENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that the Court enter a judgment against Plaintiff and for Sienna:

1.    That Plaintiff take nothing by reason of the Second Amended Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff;

3.    For costs incurred by Defendant herein, if and to the extent permitted by law; and

4.    Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: */s/ Robert Scott*
Robert Scott
State Bar No. 17911800
Bobbye Pyke (court admission application filed)
State Bar No. 24123274
Jeffrey N. Rosenthal (admitted *pro hac vice*)
Pennsylvania Bar No. 209334
Scott M. Kaplan (admitted *pro hac vice*)
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601

(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com
scott.kaplan@blankrome.com

**ATTORNEYS FOR DEFENDANT VINCENT PALAZZO**

Dated: January 12, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, a true and correct copy of the foregoing instrument was served on counsel for all parties to this action through the Court's CM/ECF E-file delivery service.

/s/ Robert Scott
Robert Scott