# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **MARK ORTEGA,** | § § § | |
| Plaintiff, | § | Case No. 5:24-CV-00487-OLG |
| vs. | § § | |
| | § | |
| **SIENNA MARKETING & CONSULTING,** | § | |
| **INC.** a New York Corporation, | § | |
| Defendant. | § | |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

COMES NOW Plaintiff, Mark Ortega and serves his objections and answers pursuant to

FED. R. CIV. P. 33. Plaintiff reserves the right to supplement and/or amend these answers

throughout the course of discovery.

Dated: June 11, 2025

Respectfully submitted,

Mark Anthony Ortega
Plaintiff
Address: PO Box 702099,
San Antonio, TX 78270
Phone: 210-744-9663
Email: mortega@utexas.edu

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**. Identify all phone number(s) You use, or have used in the past ten years, for business purposes, including which business(es) or employers each phone number is associated with, and, if applicable, what time period the phone number(s) was associated with the business.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claims or defenses and is not proportional to the needs of this case, particularly as limited by the Court's April 30, 2025 Order (ECF No. 33). The discovery in this phase is limited to whether the specific telephone number subject to this lawsuit, 210-744-9663, was held out as a business number. Information concerning other distinct businesses or other telephone numbers has no bearing on that narrow issue. Plaintiff further objects that the interrogatory is vague and ambiguous because the terms "business purposes" and "associated with" are not defined and are susceptible to multiple interpretations. The term "associated with" also calls for a legal conclusion. The ten-year time frame is also overbroad and not reasonably limited to a relevant period.

Without waiving these specific objections, and to the extent this interrogatory seeks information about the telephone number at issue in this lawsuit, Plaintiff responds as follows:

Plaintiff's personal, residential telephone number is 210-744-9663. Plaintiff uses this number primarily for personal purposes. Plaintiff has, on occasion, used this personal number for communications concerning his entity MAO Real Estate LLC within the last 4 years.

**INTERROGATORY NO. 2**. State the name and address of all businesses on whose behalf You have used the phone number 210-744-9663 to conduct any business-related communications in the last ten years.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and seeks information that is irrelevant, confidential, and not proportional to the needs of the case. The interrogatory is overbroad as to time and scope, as it seeks information spanning a ten-year period that vastly exceeds the four-year statute of limitations for the claims at issue. It is also overbroad and seeks irrelevant information to the extent it could be interpreted to require the disclosure of information concerning business entities other than MAO Real Estate LLC, as such information has no bearing on the central, narrow issue in this bifurcated discovery. The financial and communication records of other, distinct business entities are confidential and proprietary, and their disclosure would constitute an unwarranted invasion of privacy with no corresponding evidentiary value. The interrogatory is also vague and ambiguous because the phrase "on whose behalf" is an undefined legal term of art that improperly asks Plaintiff, a layperson, to make a legal conclusion about the nature of agency.

Without waiving these specific objections, Plaintiff responds as follows:

2

The telephone number 210-744-9663 is currently Plaintiff's sole and only personal telephone number, which he uses primarily for personal communications. As it is his only number, Plaintiff has also used it for occasional business-related communications concerning the following entities:

MAO Real Estate LLC – P.O. Box 702099, San Antonio, TX 78270
Ortega Capital Inc. - P.O. Box 702099, San Antonio, TX 78270
Grovano Inc. - P.O. Box 702099, San Antonio, TX 78270
Evergreen Capital LLC - P.O. Box 702099, San Antonio, TX 78270
Green Forest Capital LLC - P.O. Box 702099, San Antonio, TX 78270
HorizonWiz LLC: (terminated entity) - P.O. Box 702099, San Antonio, TX 78270

Plaintiff further states that of these entities, only Grovano Inc., which operates a public-facing warehouse, maintains its own separate, dedicated business telephone lines for customer and public contact. The other entities listed are primarily holding companies or ventures either without or very limited public-facing operations, for which Plaintiff uses his sole personal number for necessary contact.

**INTERROGATORY NO. 3**. Identify all businesses and/or companies that you own, have an ownership interest in, or have been employed by (whether it be full-time, part-time, as an independent contractor, or one-time employment) during the last ten years.

**RESPONSE**
Plaintiff objects to this interrogatory on the grounds that it is grossly overbroad, unduly burdensome, seeks information protected by Plaintiff's right to privacy, and seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of this case. The interrogatory is not limited in scope with regards to subject matter, as it seeks extensive personal and professional information about all businesses and any employment over an extensive ten-year period. This interrogatory constitutes an improper fishing expedition into Plaintiff's entire personal and professional history, the disclosure of which is unduly burdensome and has no bearing on the central issue of whether the specific telephone number 210-744-9663 was held out to the public as a business number.

Without waiving these specific objections, Plaintiff responds as follows:
Within the last four years, Plaintiff has held an ownership interest in the following entities:
MAO Real Estate LLC
Ortega Capital Inc.
Grovano Inc.
LiquidationSA
Evergreen Capital LLC
Green Forest Capital LLC
HorizonWiz LLC

**INTERROGATORY NO. 4**. Identify all phone numbers associated with the entity known or referred to as MAO Real Estate LLC.

**RESPONSE**

3

Plaintiff objects to this interrogatory on the grounds that it assumes facts not in evidence, is vague, ambiguous, overbroad, unduly burdensome, seeks confidential information, and calls for a legal conclusion. The interrogatory improperly assumes a material fact not in evidence, specifically that the entity MAO Real Estate LLC has or ever had any telephone numbers "associated with" it. The term "associated with" is vague and ambiguous, as it is undefined and fails to provide any context for the nature of the alleged association. This vagueness renders the request overbroad and unduly burdensome, as it seeks to identify "all phone numbers" without any limitation as to time period or relevance to the claims or defenses in this case. Furthermore, the term "associated with" calls for a legal conclusion regarding the legal status of a phone number under the TCPA, which is a central, disputed issue in this litigation. To the extent the request could be interpreted to encompass phone numbers of third parties who have merely communicated with Plaintiff regarding the LLC, it would improperly seek private and confidential information not pertinent to this litigation.

Without waiving these specific objections, Plaintiff responds as follows:
Within the last four years MAO Real Estate LLC has not had a dedicated telephone number.

**INTERROGATORY NO. 5**. Describe in detail your relationship with the entity known or referred to as MAO Real Estate LLC, including Your position, the time You have been associated with that entity, and Your ownership interest in that entity, if any.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is compound, vague, ambiguous, calls for a narrative, and seeks a legal conclusion. The interrogatory is improperly compound as it combines at least four discrete inquiries into a single question. The phrases "Describe in detail" and "your relationship" are vague and ambiguous as they fail to specify the level of detail or the type of relationship (e.g., legal, financial, operational) being referenced, and improperly call for a narrative response rather than specific facts. Furthermore, the term "associated with" is vague, ambiguous, and calls for a legal conclusion regarding the nature of Plaintiff's connection to the entity.

Without waiving these specific objections, Plaintiff responds as follows:
Plaintiff is the managing member and owner of MAO Real Estate LLC. He has held this position and ownership interest since 2015.

**INTERROGATORY NO. 6**. Identify the email and phone number used to create the Facebook page and LinkedIn page for MAO Real Estate LLC.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it assumes facts not in evidence, seeks information that is not within Plaintiff's possession, custody, or control, calls for speculation, is overbroad, seeks irrelevant information, and implicates privacy interests. The interrogatory improperly assumes that Plaintiff personally created these social media pages and therefore has knowledge of the credentials used. The interrogatory is also overbroad and seeks information that is not relevant to any claim or defense in this case, as the specific email or phone number used to register a social media account has no bearing on whether the telephone number at issue in this

lawsuit was held out as a public business line. Furthermore, the request seeks personal contact information potentially belonging to a third party, which may be protected by that third party's privacy interests.

Without waiving these specific objections, Plaintiff responds as follows:

After a reasonable inquiry, Plaintiff states that he did not personally create a Facebook or LinkedIn page for MAO Real Estate LLC. These pages were created by a former overseas virtual assistant. Plaintiff does not have possession of, custody of, or control over the information used to create these accounts, and therefore has no knowledge of the email address or phone number used for their creation.

**INTERROGATORY NO. 7**. Describe in detail all instances of You making or receiving any phone calls or messages (including, but not limited to, SMS, WhatsApp, iMessage, WeChat, Signal, Slack, Teams, Telegram, and direct messages) to or from the phone number 210-744-9663 related to MAO Real Estate LLC for business purposes.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is grossly overbroad, unduly burdensome, vague, ambiguous, seeks information that is not proportional to the needs of the case, and improperly requires the marshaling of evidence. The interrogatory is overbroad and unduly burdensome because it seeks detailed information about "all instances" of communications over an unspecified and potentially decade-long period without any limitation, which would be impossible to comply with and would require an exhaustive manual review of years of personal records. The phrase "describe in detail" is vague and ambiguous, as it fails to specify the level of detail required. The request is also overbroad and seeks irrelevant information by listing numerous messaging platforms (e.g., WeChat, Signal, Slack, Teams, Telegram) that are either not used by Plaintiff for business purposes or are technically incapable of being used in the manner described (e.g., Slack and Teams, which are not based on direct phone number messaging). Plaintiff further objects on the grounds that this interrogatory improperly requires the marshaling of all evidence, as it commands Plaintiff to "describe in detail all instances," which prematurely seeks a comprehensive layout of all facts and potential evidence Plaintiff may rely upon at trial concerning a central, disputed factual issue.

Without waiving these specific objections, Plaintiff responds as follows:

Within the last four years Plaintiff has used this personal phone number for SMS and iMessage communications, as well as for voice calls, with tenants/prospective tenants of properties owned by MAO Real Estate LLC. Within the last four years Plaintiff has not used the phone number 210-744-9663 with WhatsApp, WeChat, Signal, Slack, Teams, or Telegram for communications concerning MAO Real Estate LLC.

**INTERROGATORY NO. 8**. Describe in detail the incorporation and/or founding of MAO Real Estate LLC, including any phone numbers used to incorporate or found the entity.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is technically inaccurate, vague, ambiguous, grossly overbroad, unduly burdensome, calls for an improper narrative, and seeks information that is not relevant to any party's claims or defenses in this litigation. The interrogatory is technically inaccurate as a Limited Liability Company is "formed" or "organized," not "incorporated." The terms "describe in detail" and "founding" are vague and ambiguous, as they fail to specify the level of detail or the scope of the "founding" process being referenced, and improperly call for a narrative response rather than specific facts. The request is also grossly overbroad and unduly burdensome because it seeks a detailed history about the founding of MAO Real Estate LLC without any limitation to aspects relevant to the claims or defenses in this case. The detailed story of the entity's formation is not relevant to the narrow issue of whether a specific telephone number was held out to the public for telemarketing purposes. Finally, the phrase "any phone numbers used to…found the entity" is itself vague and overbroad, as it could encompass any number used in any private communication during the formation process, most of which would be irrelevant and not discoverable.

Without waiving these specific objections, Plaintiff responds as follows:

MAO Real Estate LLC was organized by the filing of a Certificate of Formation with the Texas Secretary of State. The Certificate of Formation for MAO Real Estate LLC does not list the telephone number 210-744-9663, nor does it list any other telephone number listed for the entity.

**INTERROGATORY NO. 9.** Identify all actions taken by You with regard to the creation, maintenance, modification, or deletion of any website associated with MAO Real Estate LLC, including but not limited to the identification of a phone number to contact MAO Real Estate LLC, from January 1, 2024, to the present.

**RESPONSE**
Plaintiff objects to this interrogatory on the grounds that it is improperly compound, assumes material facts not in evidence, is vague, ambiguous, and overbroad. The interrogatory is improperly compound as it bundles at least five discrete subparts into a single question, inquiring separately about (1) creation, (2) maintenance, (3) modification, (4) deletion, and (5) the identification of contact information on a website. Furthermore, the interrogatory improperly assumes a material fact that is not in evidence, specifically that a public-facing "website" as that term is commonly understood exists or has ever existed for MAO Real Estate LLC. The terms "action" and "website associated with" are also vague and ambiguous, failing to provide sufficient specificity for Plaintiff to formulate a precise response.

Without waiving these specific objections, Plaintiff responds as follows:

Since January 1, 2024 ("Relevant Period") the domain maorealestate.com has only been used for private email hosting. During the Relevant Period no public-facing website has been created, designed, developed, maintained, modified, or deleted at this domain or any other domain for MAO Real Estate LLC. During the Relevant Period there have been no "actions taken" with regard to the "creation, maintenance, modification, or deletion" of any website for MAO Real Estate LLC.

6

## **VERIFICATION**

I, Mark Anthony Ortega, declare under penalty of perjury under the laws of the United States of America that the foregoing answers to Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on this __11__ day of June, 2025.

Mark Anthony Ortega

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| **MARK ORTEGA,** | § § § | |
| Plaintiff, | § § | Case No. 5:24-CV-00487-OLG |
| vs. | § § | |
| **SIENNA MARKETING & CONSULTING,** | § § | |
| **INC.** a New York Corporation, | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED OBJECTIONS AND RESPONESS TO DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff, Mark Ortega, and serves his objections and answers pursuant to

FED. R. CIV. P. 36. Plaintiff reserves the right to supplement and/or amend these answers

throughout the course of discovery.

Dated: June 23, 2025

Respectfully submitted,

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff
Address: PO Box 702099,
San Antonio, TX 78270
Phone: 210-744-9663
Email: mortega@utexas.edu

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO 1.** Admit that MAO Real Estate LLC is a business entity.

**RESPONSE** Admit.

**REQUEST FOR ADMISSION NO 2.** Admit that any corporate formation or incorporation materials on behalf of MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request is compound as it refers to "materials" in the plural, potentially covering multiple different documents. It is also vague and ambiguous as to the meaning of the word "included" in this context. Without waiving said objections, and to the extent this request asks if Plaintiff's personal telephone number was listed on the Certificate of Formation for MAO Real Estate LLC, Plaintiff denied.

**REQUEST FOR ADMISSION NO. 3.** Admit that any Dun & Bradstreet submission on behalf of MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request is vague and ambiguous as to the time, manner, and content of the purported "Dun & Bradstreet submission." The request also assumes a fact not in evidence, namely that such a submission was ever made. Without further clarification and without waiving said objections, it is impossible to accurately admit or deny the request, therefore plaintiff denies.

**REQUEST FOR ADMISSION NO 4.** Admit that MAO Real Estate LLC is in the business of real estate investing.

**RESPONSE** Plaintiff objects to the request on the grounds that it is vague and ambiguous. The phrase "in the business of real estate investing" lacks a clear definition and could encompass a wide range of activities, making it unclear what specific aspect of real estate investing is being referred to. Without waiving said objections, Plaintiff denied.

**REQUEST FOR ADMISSION NO 5.** Admit that you are the principal of MAO Real Estate LLC.

**RESPONSE** Object. The term "principal" is vague, ambiguous, and is not a defined role for a Texas Limited Liability Company. Without waiving said objections, Plaintiff denies the request as stated.

**REQUEST FOR ADMISSION NO 6.** Admit that you are the owner, in whole or in part of MAO Real Estate LLC.

**RESPONSE** Admit.

**REQUEST FOR ADMISSION NO 7.** Admit that you were the incorporator of MAO Real Estate LLC.

**RESPONSE** Denied.

2

**REQUEST FOR ADMISSION NO 8.** Admit that you are an officer of MAO Real Estate LLC.

**RESPONSE** Denied.

**REQUEST FOR ADMISSION NO 9.** Admit that you are an employee of MAO Real Estate LLC.

**RESPONSE** Denied.

**REQUEST FOR ADMISSION NO 10.** Admit that you are affiliated with MAO Real Estate LLC.

**RESPONSE** Plaintiff objects to this request on the grounds that it is vague and ambiguous. The term "affiliated" is not defined and can have multiple meanings, such as ownership, partnership, or other forms of association, making it unclear what specific relationship is being inquired about. Without waiving said objections, Plaintiff denies the request as stated.

**REQUEST FOR ADMISSION NO 11.** Admit that a phone number previously associated with MAO Real Estate LLC was 210-744-9663.

**RESPONSE** Object. This request is vague, ambiguous, and calls for a legal conclusion regarding the meaning of "associated with" for the purposes of the TCPA, which is a central, disputed legal issue in this case. Without waiving said objections, Denied. The number 210-744-9663 is, and has always been, Plaintiff's personal, residential telephone number.

**REQUEST FOR ADMISSION NO 12.** Admit that MAO Real Estate LLC conducted business using the phone number 210-744-9663.

**RESPONSE** Object. This request is vague and improperly personifies a legal entity by suggesting it can "use" a phone number. Without waiving said objections, Plaintiff denies the request as stated. Plaintiff, an individual, has on limited occasions used his personal telephone number for communications related to the business of MAO Real Estate LLC.

**REQUEST FOR ADMISSION NO 13.** Admit that MAO Real Estate LLC held itself out to the world as being associated with the phone number 210-744-9663.

**RESPONSE** Plaintiff objects to this request on the grounds that it is vague and ambiguous. The phrase "held itself out to the world" lacks a clear definition and context, making it unclear what specific actions or representations are being referred to. Additionally, the request does not specify the relevant time period during which this association with the phone number allegedly occurred. The request also improperly personifies a legal entity. Without waiving said objections, Denied.

**REQUEST FOR ADMISSION NO 14.** Admit that Your business card identified You as being associated with MAO Real Estate LLC.

**RESPONSE** Object. This request assumes facts not in evidence, namely that a "business card" as contemplated by this request exists. The request is also vague and ambiguous as to the meaning of "identified" and "associated with," the latter of which calls for a legal conclusion. The request is also compound as it implicitly asks both whether a business card exists and what that card "identified." Without waiving these objections, Denied as stated.

**REQUEST FOR ADMISSION NO 15.** Admit that Your business card for MAO Real Estate LLC identified the phone number 210-744-9663.

**RESPONSE** Object. This request assumes facts not in evidence. The request is also vague and ambiguous as to the meaning of "identified," and improperly seeks a characterization of the contents of a document. Without waiving these specific objections, Denied.

**REQUEST FOR ADMISSION NO 16.** Admit that MAO Real Estate LLC identified the phone number 210-744-9663 as a number to which it could be contacted.

**RESPONSE** Object. This request improperly personifies a legal entity by suggesting that MAO Real Estate LLC, which has no physical agency, can take the human action of "identifying" something. The request is also vague and ambiguous because it fails to specify the time, manner, medium, or context of this alleged "identification," making it impossible to form a responsive answer. Without waiving these specific objections, Plaintiff is unable to admit or deny.

**REQUEST FOR ADMISSION NO 17.** Admit that MAO Real Estate LLC conducted business by making outbound calls from the phone number 210-744-9663.

**RESPONSE** Object. This request improperly personifies a legal entity by suggesting that MAO Real Estate LLC can "mak[e] outbound calls." The request is also vague and ambiguous because the phrase "conducted business" is an overbroad and undefined term that could encompass a vast range of activities, and the request fails to specify any relevant time period for these alleged actions. Without waiving these specific objections, Denied as stated.

**REQUEST FOR ADMISSION NO 18.** Admit that MAO Real Estate LLC conducted business by receiving inbound calls to the phone number 210-744-9663.

**RESPONSE** Object. This request improperly personifies a legal entity by suggesting that MAO Real Estate LLC can "receiv[e] inbound calls." The request is also vague and ambiguous because the phrase "conducted business" is an overbroad and undefined term, and the request fails to specify any relevant time period for these alleged actions. Without waiving these specific objections, Plaintiff denies the request as stated.

**REQUEST FOR ADMISSION NO 19.** Admit that any purchase orders from MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request assumes facts not in evidence, specifically that any "purchase orders from MAO Real Estate LLC" exist. The use of the word "any" makes the request overbroad

4

and unduly burdensome, as it would require a search for a potentially limitless and undefined set of documents. Without waiving these specific objections, Denied.

**REQUEST FOR ADMISSION NO 20.** Admit that any invoices sent from MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. The use of the word "any" makes the request vague and overbroad, lacking specificity as to time, recipient, or context. Without waiving these specific objections, Denied.

**REQUEST FOR ADMISSION NO 21.** Admit that any marketing material identifying MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request is vague, ambiguous, and overbroad because the term "any marketing material" is undefined and could encompass anything from a public advertisement to a private communication, making it impossible to ascertain the scope of the request. The request also assumes facts not in evidence, namely that such "marketing material" exists. Without a defined scope or context and without waiving said objections, it is impossible to accurately admit or deny the inclusion of the specified phone number, therefore Plaintiff denies.

**REQUEST FOR ADMISSION NO 22.** Admit that any advertisements, online or in print media, identifying MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request is overbroad and unduly burdensome because its scope of "any advertisements, online or in print media" is limitless as to time and platform. The request also assumes facts not in evidence, specifically that such advertisements exist. Without waiving these specific objections, Denied.

**REQUEST FOR ADMISSION NO 23.** Admit that any social media websites created on behalf of MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Plaintiff objects to this request on the grounds that it is overbroad, vague, and ambiguous. The term "social media websites created on behalf of MAO Real Estate LLC" lacks specificity regarding which platforms or accounts are being referenced, making it unclear what constitutes "created on behalf of" the company. Additionally, the request does not specify a relevant time period, which further complicates the ability to provide a precise admission or denial. Without waiving these specific objections, Denied as stated.

**REQUEST FOR ADMISSION NO 24.** Admit that any social media posts created on behalf of MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request is vague and ambiguous because the phrases "social media posts" and "created on behalf of" are not defined and lack specificity as to who is alleged to have created the posts, under what authority, and on which platform. The request also assumes facts not in evidence, namely that such posts exist. Without waiving these specific objections, plaintiff is without sufficient information to admit for deny, and therefore denies.

5

**REQUEST FOR ADMISSION NO 25.** Admit that customers interested in MAO Real Estate LLC's goods or services could contact MAO Real Estate LLC by calling the phone number 210-744-9663.

**RESPONSE** Object. This request calls for speculation as to the subjective knowledge, intent, and actions of unknown third parties ("customers interested"). The request is also vague and ambiguous because the term "customers" is not defined and is factually inapt. The request also improperly personifies a legal entity. Without waiving these specific objections, Plaintiff denies the request as stated.

**REQUEST FOR ADMISSION NO 26.** Admit that any bank loan applications on behalf of MAO Real Estate LLC included the phone number 210-744-9663.

**RESPONSE** Object. This request is vague and ambiguous because the phrase "any bank loan applications" fails to specify any relevant time period, financial institution, or context, making the scope of the request unclear. Without waiving these specific objections, Plaintiff is without sufficient information to admit for deny, and therefore denies.

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, a copy of the foregoing document was served on the following parties by email:

**Robert Scott**
State Bar No. 17911800
**Bobbye Pyke**
State Bar No. 24123274
**Jeffrey N. Rosenthal**
Pennsylvania Bar No. 209334
**BLANK ROME LLP**
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com
**Attorneys for Defendant**

_/s/ Mark Anthony Ortega_
Mark Anthony Ortega

7

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK ORTEGA,** §<br>§<br>§<br>Plaintiff, § | Case No. 5:24-CV-00487-OLG |
| §<br>vs. §<br>§<br>**SIENNA MARKETING & CONSULTING,** §<br>**INC.** a New York Corporation, §<br>Defendant. § | |

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES

COMES NOW Plaintiff, Mark Ortega and serves his objections and answers pursuant to

FED. R. CIV. P. 33. Plaintiff reserves the right to supplement and/or amend these answers

throughout the course of discovery.

Dated: August 10, 2025

Respectfully submitted,

Mark Anthony Ortega
Plaintiff
PO Box 702099
San Antonio, TX 78270
(210) 744-9663
mortega@utexas.edu

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 10.** Describe in detail Your "occasional business-related communications" using the phone number 210-744-9663 concerning or on behalf of: (i) Ortega Capital Inc.; (ii) Grovano Inc.; (iii) LiquidationSA; (iv) Evergreen Capital LLC; (v) Green Forest Capital LLC; (vi) HorizonWiz LLC and (vii) MAO Real Estate LLC, as identified in Your June 12, 2025, response to Sienna Marketing's Interrogatory Nos. 2-3 since 2015.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous. Specifically, Plaintiff objects as follows:

The interrogatory seeks a description of communications spanning a ten-year period ("since 2015"), which is grossly overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The central issue in this TCPA litigation is the status of the telephone number at or around the time of Defendant's alleged violations in 2024. Communications from as far back as 2015 have no bearing on this issue and seeking them creates a burden that is not proportional to the needs of the case.

To "describe in detail" every "occasional" communication for seven distinct entities over a ten-year period would require an exhaustive and unreasonable manual review of a decade's worth of personal records, if such records even exist. It would necessitate a speculative attempt to recall the substance of countless individual phone calls and text messages, imposing a significant and undue burden on Plaintiff who is proceeding pro se.

The phrases "describe in detail" and "concerning" are vague and ambiguous, failing to provide sufficient guidance as to the level of specificity required. These terms are susceptible to multiple interpretations and do not allow Plaintiff to formulate a precise response.

The interrogatory is impermissibly compound as it asks Plaintiff to provide seven distinct sets of detailed descriptions for seven different legal entities within a single question.

The interrogatory improperly requires Plaintiff to provide a detailed narrative account of his communications, rather than seeking specific, identifiable facts.

The phrase "on behalf of" calls for a legal conclusion regarding the nature of agency. It improperly asks Plaintiff, a layperson, to determine the legal capacity in which he was acting during each communication for each of the seven entities.

To the extent this interrogatory could be interpreted to require the disclosure of the substance of business communications, it seeks confidential, proprietary, and private business information concerning the finances, operations, and strategies of seven separate entities. Such information is not relevant to the narrow, issue of whether Plaintiff's telephone number is "residential" for the purposes of the TCPA.

Without waiving these specific objections, and to the extent this interrogatory seeks discoverable information about the general nature of the use of the telephone number at issue, Plaintiff responds as follows:

The telephone number 210-744-9663 is Plaintiff's sole personal and residential telephone number. Plaintiff uses this number primarily for personal matters. Plaintiff has, on occasion, used it for limited business-related communications. With respect to MAO Real Estate LLC, such communications have generally been with tenants or prospective tenants regarding leasing,

2

maintenance, or other property management issues. With respect to the other entities listed, which are primarily holding companies or ventures with limited to no public-facing operations, any "occasional business-related communications" using this number would have been for necessary contact that is administrative in nature, such as communications with co-investors, legal counsel, regarding formation, governance, or financial matters. Plaintiff does not maintain a log or record of such communications and, given the passage of time, cannot recall with any specificity the date, time, or detailed substance of each individual communication over the last ten years. To do so would be impossible and would require pure speculation.

**INTERROGATORY NO. 11**. Identify the individual(s) with whom you had "occasional business-related communications" using the phone number 210-744-9663 concerning or on behalf of: (i) Ortega Capital Inc.; (ii) Grovano Inc.; (iii) LiquidationSA; (iv) Evergreen Capital LLC; (v) Green Forest Capital LLC; (vi) HorizonWiz LLC and (vii) MAO Real Estate LLC, as identified in Your June 12, 2025, response to Sienna Marketing's Interrogatory Nos. 2-3 since 2015.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it seeks information that the Court has already indicated is better obtained through deposition, and is also overbroad, unduly burdensome, compound, calls for a legal conclusion, and is not proportional to the needs of the case.

Plaintiff objects as this interrogatory seeks precisely the type of detailed, recall-based information that this Court, in its July 30, 2025 Order (ECF No. 46), has determined is better suited for a deposition. In that Order, the Court specifically DENIED Defendant's motion to compel responses to its Second Set of Requests for Admission, stating unequivocally that "this information is better sought through Plaintiff's deposition." (ECF No. 46 at 3). This interrogatory, which requires Plaintiff to identify specific individuals from communications spanning a decade, falls squarely within that same category of information. Compelling a written narrative response would be inefficient and duplicative of the deposition the Court has already identified as the proper vehicle for exploring these topics.

Plaintiff objects as this interrogatory demands that Plaintiff identify, from memory, specific individuals with whom he may have communicated on behalf of seven different entities over a ten-year period. Plaintiff does not maintain a comprehensive log of every call or text message from his personal phone number for the past decade. To attempt to recall the specific identity of every individual associated with every "occasional" communication would be an impossible task, requiring an exhaustive and unreasonable review of personal records, to the extent they even exist. A response would be incomplete at best and would require pure speculation, which is improper.

The request's ten-year lookback period ("since 2015") is grossly overbroad and not proportional to the needs of this case, particularly under the limited scope of the Court's Bifurcation Order (ECF No. 33). The central issue in this phase is whether Plaintiff's number was held out "to the public" as a business number around the time of the alleged TCPA violations in 2024. The identity of every person Plaintiff spoke to over the last decade has little to no relevance to that narrow issue, and the burden of trying to identify such individuals far outweighs any probative value.

3

This interrogatory is impermissibly compound, as it asks for seven distinct sets of information (one for each of the seven listed entities) within a single question, making a clear and concise response impracticable.

The phrase "on behalf of" calls for Plaintiff, a layperson, to make a legal determination regarding agency for each of the seven entities. Whether a communication was legally "on behalf of" a corporate entity is a complex legal question, not a simple fact.

Subject to and without waiving the foregoing objections, Plaintiff does not maintain a log, calendar, or other record that would identify every individual with whom he has communicated from this number over the last ten years.

However, to provide a good-faith response based on his general recollection, the categories of individuals with whom such "occasional business-related communications" would have occurred are as follows:

With respect to MAO Real Estate LLC, communications would have generally been with individuals such as tenants, prospective tenants, contractors, or vendors, and for a period, with virtual assistant Blanca DeLuna.

With respect to Ortega Capital Inc, communications would have generally been with individuals such as tenants, prospective tenants, contractors, or vendors, and for a period, with virtual assistant Blanca DeLuna.

For Evergreen Capital LLC, communications would have generally been with individuals such as tenants, prospective tenants, contractors, or vendors, and partner Shawn Whitehorn.

For Green Forest Capital LLC, communications would have generally been with individuals such as virtual assistants and partner Joseph Llerena.

For HorizonWiz LLC, communications would have generally been with individuals such as partner Ayla Melendez.

For Grovano Inc, communications would have generally been with individuals such as virtual assistants and employees.

For LiquidationSA, communications would have generally been with individuals such as virtual assistants, employees, and partner Javier Bocanegra.

Plaintiff cannot recall with any further specificity the identity of each individual from each of these categories with whom he may have communicated over the vast ten-year period covered by this interrogatory. To attempt to do so would be impossible and would require pure speculation.

**INTERROGATORY NO. 12**. Describe in detail the "public-facing operations" of: (i) Ortega Capital Inc.; (ii) Grovano Inc.; (iii) LiquidationSA; (iv) Evergreen Capital LLC; (v) Green Forest Capital LLC; (vi) HorizonWiz LLC and (vii) MAO Real Estate LLC, as identified in Your June 12, 2025, response to Sienna Marketing's Interrogatory Nos. 2-3.

4

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it is outside the limited scope of discovery set by the Court's Bifurcation Order, is overbroad, unduly burdensome, vague and ambiguous, compound, and not proportional to the needs of the case. Specifically, Plaintiff objects as follows:

Plaintiff objects that this interrogatory is a blatant attempt to circumvent and directly violates the Court's April 30, 2025 Bifurcation Order (ECF No. 33). That Order explicitly and narrowly tailored the initial phase of discovery to the single issue of "whether Plaintiff has held out his phone number as a business number to the public." This interrogatory, by contrast, improperly seeks detailed information about the "public-facing operations" of seven distinct legal entities, which is entirely separate from and irrelevant to the narrow issue of Plaintiff's personal phone number's public status. The operations of these entities do not, by themselves, establish how Plaintiff held out his phone number to the public, and exploring them in detail is a clear expansion beyond the Court's mandated scope.

Related to the above, even if marginally relevant (which Plaintiff disputes), a detailed description of the public-facing operations of seven different entities, spanning potentially many years, is not proportional to the needs of this case or the limited Phase I discovery. The burden of compiling such detailed information, particularly for Plaintiff who is proceeding pro se and whose personal phone number is at issue, far outweighs any speculative probative value this information might have regarding the status of his phone number.

The phrase "describe in detail" is vague and ambiguous, failing to provide sufficient guidance as to the level of specificity required and leaving the scope of the response open to subjective interpretation. The term "public-facing operations" is also vague, as it is unclear whether this refers to marketing efforts, client interactions, public records, or other aspects, and how deeply into the internal workings of these entities Plaintiff is expected to delve.

To provide a "detailed description" for seven distinct entities would require significant research, compilation, and analysis of information that Plaintiff, as an individual, does not readily possess or maintain in a consolidated format. This places an undue burden on Plaintiff, who does not have dedicated legal or administrative support for such an extensive undertaking.

This interrogatory is impermissibly compound, as it asks for detailed descriptions of seven distinct legal entities within a single question, making it difficult to formulate a clear, concise, and complete response while preserving specific objections for each entity if necessary.

Describing the detailed "public-facing operations" could inevitably lead to the disclosure of confidential, proprietary, or competitive business information of these separate legal entities, which is not relevant to how Plaintiff held out his phone number to the public.

Without waiving the foregoing specific objections, and solely in a good-faith effort to provide what responsive information can be recalled regarding the general nature of these entities' operations as they relate to any public interaction, Plaintiff responds as follows:

5

Plaintiff reiterates that the primary focus of this discovery phase is on how his personal telephone number was held out to the public, not on the comprehensive business operations of separate legal entities. Based on Plaintiff's general understanding and recollection:

Ortega Capital Inc.: This entity was generally a real estate investing entity. Its public-facing operations, if any, would have primarily involved identifying, acquiring, and selling real estate properties.

Grovano Inc.: This entity operated as a liquidation warehouse. Its public-facing operations, if any, would have typically involved advertising liquidation sales or interacting with buyers and sellers of liquidated goods.

LiquidationSA: Similar to Grovano Inc., this entity operated as a liquidation warehouse. Its public-facing operations, if any, would also have typically involved advertising liquidation sales or interacting with buyers and sellers of liquidated goods.

Evergreen Capital LLC: This entity was a real estate investing entity. Its public-facing operations, if any, would have primarily involved identifying, acquiring, renting real estate properties.

Green Forest Capital LLC: This entity was also a real estate investing entity. Its public-facing operations, if any, would have primarily involved identifying, acquiring, and selling real estate properties.

HorizonWiz LLC: This entity generally had no public-facing operations.

MAO Real Estate LLC: This entity was a real estate investing entity. Its public-facing operations would have involved interactions with tenants, prospective tenants, contractors, or real estate agents concerning specific properties.

Plaintiff cannot provide further "detailed" descriptions of these entities' operations without conducting extensive, burdensome research, which is disproportionate to the limited scope of discovery.

**INTERROGATORY NO. 13**. Describe in detail the "necessary contact" You had on behalf of: (i) Ortega Capital Inc.; (ii) Grovano Inc.; (iii) LiquidationSA; (iv) Evergreen Capital LLC; (v) Green Forest Capital LLC; (vi) HorizonWiz LLC and (vii) MAO Real Estate LLC, as identified in Your June 12, 2025, response to Sienna Marketing's Interrogatory Nos. 2-3 since 2015.

**RESPONSE**
Plaintiff objects to this interrogatory on the grounds that it is improper, seeks information the Court has indicated is better sought by deposition, is outside the limited scope of the Bifurcation Order, is overbroad, unduly burdensome, vague and ambiguous, compound, and calls for a legal conclusion. Specifically, Plaintiff objects as follows:

Plaintiff objects as this interrogatory seeks the exact type of detailed, narrative, and recall-based information that this Court, in its July 30, 2025 Order (ECF No. 46), has already determined

is better suited for a deposition. The Court DENIED Defendant's motion to compel similar written discovery because "this information is better sought through Plaintiff's deposition." (ECF No. 46 at 3). Forcing Plaintiff to now provide a detailed narrative of the substance of every "necessary contact" over a ten-year span would be inefficient, duplicative, and contrary to the Court's clear guidance on the proper discovery method for these topics.

This interrogatory violates the Court's Bifurcation Order, which limited Phase I discovery to the narrow issue of "whether Plaintiff has held out his phone number as a business number to the public." Describing the substance of private, "necessary" contacts (such as with co-investors or attorneys) has no bearing on what was held out to the public. This is an improper fishing expedition into the internal affairs and substance of business dealings, far exceeding the Court's mandate.

The phrases "describe in detail" and "necessary contact" are vague, ambiguous, and subjective. "Describe in detail" provides no objective standard for the required level of specificity. More importantly, the term "necessary contact", a general phrase used by Plaintiff in a prior response, is now being improperly used to demand a specific, detailed accounting that is impossible to provide. It would require Plaintiff to speculate as to what Defendant deems "necessary" and to recall the specific, detailed substance of countless individual communications over a decade, which is an impossible and improper burden.

The request spans a ten-year period and covers seven distinct entities. To recall, locate records for (if any exist), and describe in detail every "necessary contact" would require an exhaustive and unreasonable manual review of a decade's worth of personal records and communications, imposing a significant and undue burden on a pro se litigant that is not proportional to the needs of this bifurcated discovery phase.

The phrase "on behalf of" improperly asks Plaintiff, a layperson, to make a legal determination regarding agency for each communication with each of the seven entities.

This interrogatory is impermissibly compound, requiring seven distinct detailed narratives in a single question.

Without waiving the foregoing specific objections, and to the extent this interrogatory seeks discoverable information about the general nature of communications Plaintiff has previously referenced, Plaintiff responds as follows:

As previously stated, the telephone number 210-744-9663 is Plaintiff's personal and residential number. To the extent Defendant is asking about the general subject matter of the "necessary contact" Plaintiff has referenced, these communications were administrative or operational in nature. Based on his best recollection:

For entities like MAO Real Estate LLC, "necessary contact" would have generally concerned property management issues, such as communications with tenants about leasing or maintenance, or with contractors regarding repairs.

7

For the other entities, which were primarily holding companies or ventures with limited public-facing operations (such as Ortega Capital Inc., Evergreen Capital LLC, Green Forest Capital LLC, and HorizonWiz LLC), "necessary contact" would have typically been administrative in nature, such as communications with co-investors, partners, attorneys, or accountants regarding financial matters.

Plaintiff cannot "describe in detail" the substance of each of these individual communications over the last ten years, as he does not maintain a verbatim log of his conversations and to attempt to do so now would require pure speculation.

**INTERROGATORY NO. 14.** Identify the individual(s) with whom You had "necessary contact" on behalf of: (i) Ortega Capital Inc.; (ii) Grovano Inc.; (iii) LiquidationSA; (iv) Evergreen Capital LLC; (v) Green Forest Capital LLC; (vi) HorizonWiz LLC and (vii) MAO Real Estate LLC, as identified in Your June 12, 2025, response to Sienna Marketing's Interrogatory Nos. 2-3 since 2015.

**RESPONSE**

Plaintiff objects to this interrogatory on the grounds that it seeks information the Court has already directed is better obtained through deposition, is outside the limited scope of the Bifurcation Order, is overbroad, unduly burdensome, compound, and calls for a legal conclusion. Specifically, Plaintiff objects as follows:

Plaintiff objects as this interrogatory seeks precisely the type of detailed, recall-based information that this Court, in its July 30, 2025 Order (ECF No. 46), has determined is better suited for a deposition. The Court DENIED Defendant's motion to compel similar written discovery because "this information is better sought through Plaintiff's deposition." (ECF No. 46 at 3). Requiring Plaintiff to now generate a written list of every individual from every "necessary contact" over a ten-year span is inefficient, duplicative, and contrary to the Court's explicit guidance.

This interrogatory violates the Court's Bifurcation Order, which limited Phase I discovery to the narrow issue of "whether Plaintiff has held out his phone number as a business number to the public." Identifying the specific individuals involved in private, "necessary" contacts (such as co-investors, attorneys, or internal partners) has no relevance to what was held out to the public and constitutes an improper fishing expedition into the private affairs of these entities.

The request demands that Plaintiff recall and identify every individual from every "necessary contact" for seven distinct entities over a ten-year period. Plaintiff does not maintain a log of every person he has ever spoken to from his personal phone. To attempt to create such an exhaustive list now would be an impossible task requiring an unreasonable review of a decade of records (to the extent they exist) and would ultimately require pure speculation to complete.

The phrase "on behalf of" improperly asks Plaintiff, a layperson, to make a legal determination regarding his capacity (agency) for each communication.

8

This interrogatory is impermissibly compound, requiring seven distinct lists of individuals in a single question.

Without waiving the foregoing specific objections, and solely in a good-faith effort to provide what responsive information can be recalled, Plaintiff responds as follows:

As stated in prior responses, Plaintiff does not maintain a log or comprehensive record that would identify every individual with whom he has had "necessary contact" over the past decade. The following information is based on his best recollection and provides examples of the categories and specific individuals with whom such contacts may have occurred. This is not intended to be an exhaustive list.

For MAO Real Estate LLC, "necessary contact" would have been with individuals such as tenants, prospective tenants, contractors, and, for a period, with Virtual Assistant Blanca DeLuna.

For Evergreen Capital LLC, "necessary contact" regarding the entity's administrative or financial matters would have been with individuals such as partner Shawn Whitehorn.

For Green Forest Capital LLC, "necessary contact" regarding the entity's administrative or financial matters would have been with individuals such as partner Joseph Llerena.

For HorizonWiz LLC, "necessary contact" regarding the entity's administrative or financial matters would have been with individuals such as partner Ayla Melendez.

For LiquidationSA, "necessary contact" regarding the entity's administrative or financial matters would have been with individuals such as partner Javier Bocanegra.

For the remaining entities, such as Ortega Capital Inc., Grovano Inc. "necessary contact" would have generally been with the same types of individuals relevant to their operations, such as co-investors, partners, attorneys, accountants.

Plaintiff cannot recall with any further specificity the identity of every single individual with whom he had "necessary contact" over the vast ten-year period covered by this interrogatory. To attempt to do so would be impossible and would require pure speculation.

9

## VERIFICATION

I, Mark Anthony Ortega, declare under penalty of perjury under the laws of the United States of America that the foregoing answers to Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on this 10 day of August, 2025.

_____
Mark Anthony Ortega

10