**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ORTEGA,** individually and on behalf of all similarly situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION No. 5:24-cv-487-OLG |
| v. | § § § | |
| **SIENNA MARKETING & CONSULTING, INC.** a New York Corporation | § § § § | |
| Defendant. | § § § | |

**DEFENDANT SIENNA MARKETING & CONSULTING, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND REQUEST FOR EXPEDITED RULING**

NOW COMES Defendant Sienna Marketing & Consulting, Inc. ("Sienna"), by and through its undersigned counsel, and for its opposition to Plaintiff Mark Ortega's ("Ortega") Motion to Compel Discovery Responses and Request for Expedited Ruling (the "Motion to Compel") (ECF No. 70), and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff Mark Ortega has a fundamental misunderstanding of Sienna's dispositive "business number defense" to his Telephone Consumer Protection Act ("TCPA") and Texas Telephone Solicitation Act ("TTSA") claims. And despite numerous Orders and repeated reminders from defense counsel, Ortega also clearly does not comprehend the limitations on bifurcated discovery imposed by this Court. Such fundamental misunderstandings render the instant Motion to Compel improper, unnecessary, and otherwise premature. As shown below, Ortega does not need, and is not entitled to, anything further from Sienna at this point in the case.

1

This Court recognized the deficiencies in Ortega's claims and allowed bifurcated discovery to first determine the dispositive issue of "whether Plaintiff held his phone number out to the public as a business number." (ECF No. 33.)  Thus, the only discovery allowed at this juncture through the Court's ruling on Sienna and Defendant Vincent Palazzo's ("Palazzo") Motion for Summary Judgment was discovery into ***Ortega's actions*** as to the use of his cellphone number, as well as the manner in which ***Ortega*** held his cellphone number out to the public as a business number.

In contrast, the improper discovery Ortega now seeks relates to how ***Sienna*** obtained Ortega's cellphone number, and how ***Sienna*** classified his cellphone number in its records.  This is backwards.  Ortega concedes the discovery he seeks only "proves or disproves how [Sienna Marketing] classified Plaintiff's number." (ECF No. 70 ¶ 5).  But Sienna's classification of Ortega's cellphone number has no bearing on Ortega's actions in holding his cellphone number out to the public as a business number.  Thus, this discovery Ortega now seeks falls well outside the scope of "Phase I"—*i.e.*, concerning the business number defense—and should not be allowed.  Because the discovery Ortega now seeks is: (a) irrelevant to the business number defense; (b) was issued in violation of this Court's previous discovery Order(s); and (c) is not necessary for Ortega to respond to the pending Motion for Summary Judgment, the Motion to Compel should be denied.

### FACTUAL BACKGROUND

1.      Ortega filed this case on May 13, 2024.  *See generally* ECF No. 1.

2.      On April 30, 2025, this Court bifurcated discovery with "the first phase [*i.e.*, Phase I] of discovery be[ing] limited to whether Plaintiff held his phone number out to the public as a business number." (ECF No. 33.)

3.      This Court specifically limited discovery in Phase I to Ortega's actions regarding his cellphone number when it explained that: "written discovery exchanged by the parties ***shall be***

164425.00001/156898647v.1

***limited to requesting information related to whether Plaintiff has held out his phone number as a business number to the public***." *Id*. (emphasis added).  This Court subsequently denied Ortega's separate request to reconsider its ruling to bifurcate discovery in this fashion.  (ECF No. 38.)

4.      Sienna issued several sets of written discovery to Ortega seeking information and documents evidencing his actions in holding his cellphone number out to the public as a business number.  Unfortunately, Ortega unreasonably resisted responding and/or producing responsive documents, causing Sienna to file a motion to compel written discovery.  (ECF No. 42.)

5.      On July 30, 2025, this Court granted Sienna's motion to compel written discovery and ordered Ortega to respond to Sienna's discovery requests. (ECF No. 46.)  Moreover, in extending the deadline to complete Phase I, this Cout further observed that Sienna "has also satisfied its burden to demonstrate that the discovery it seeks is relevant to its defense that [Ortega] held his phone number out to the public as a business number and therefore cannot recover on his remaining claims under the TCPA[.]"  (*Id.* at 2) (citing Fed. R. Civ. P. 26(b)(1); *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)).

6.      After receiving additional documents about Ortega's use of his cellphone number regarding his business activities, Sienna took Ortega's deposition on October 21, 2025.

7.      Despite Phase I of discovery not being complete, and in violation of the Court's several Orders on this issue (*see* ECF Nos. 33, 38, 46, & 57), on November 1, 2025, Ortega issued written discovery outside the scope of Phase I in the form of the Discovery Requests.  A true and correct copy of Ortega's Discovery Requests is attached hereto as **Group Exhibit 1**.

8.      On December 1, 2025, Sienna Marketing responded to Ortega's Discovery Requests by objecting to them as untimely and as being issued in violation of the Court's previous

164425.00001/156898647v.1

orders limiting the scope of Phase I discovery. True and correct copies of Sienna's objections to Ortega's are attached hereto as **Exhibit 2**.

9.  When the impropriety of Ortega's written discovery was brought to this Court's attention (ECF No. 62), it issued an Order on December 19, 2025, directing "the parties to meet and confer on their discovery disputes and diligently attempt to reach an agreement as to whether the outstanding discovery truly falls within the boundaries of Phase I discovery previously articulated by the Court[.]" (ECF No. 67).

10.  As part of the December 19 Order, this Court also set a briefing schedule on Sienna and Vincent Palazzo's Motion for Summary Judgment—whereby Sienna and Vincent Palazzo were to file their Motion for Summary Judgment by January 30, 2026. (*Id*. at 2.)

11.  Per the Court's instructions, the parties met and conferred with respect to the Discovery Requests on January 9, 2026. During this call Ortega continued to demand further answers, despite his discovery not falling within the scope of Phase I as articulated by this Court.

12.  Three weeks later, on January 28, 2026, Ortega filed the instant Motion to Compel (ECF. No. 70). As part of his Motion to Compel, Ortega demands responses to the following requests:[1]

- "State all facts that support Your contention or defense that Plaintiff's Telephone Number was a 'business number' on March 7, 2024, and for each fact, Identify all persons with knowledge of that fact and all documents that support that fact." (Interrogatory No. 3);

- "Identify the source from which You obtained Plaintiff's Telephone Number, including the name and address of any third-party lead vendor or entity, and the date the number was obtained." (Interrogatory No. 4);

---

[1] By only seeking to compel responses to some of Ortega's written discovery, Ortega concedes most of the Interrogatories, Requests to Produce, and Requests to Admit issued by Ortega are outside the scope of Phase I, and thus, were issued in violation of this Court's discovery Orders.

- "Describe all information provided to You by the source identified in Your answer to Interrogatory No. 4 Concerning Plaintiff's Telephone Number, including but not limited to any information suggesting the number was associated with a business or that the subscriber had consented to receive marketing communications." (Interrogatory No. 5);

- "Describe all steps You took, if any, to independently verify that Plaintiff's Telephone Number was a 'business number' before initiating The Call." (Interrogatory No. 14);

- "Describe the content and substance of every note, entry, or notation made in any of Your customer relationship Management (CRM) systems, databases, or other records Concerning Plaintiff, Plaintiff's Telephone Number, or any of the Communications." (Interrogatory No. 20);

- "Produce a complete copy of any agreement, contract, or statement of work between You and any third-party lead vendor from whom you obtained Plaintiff's Telephone Number." (RFP No. 5);

- "Produce a complete and unaltered export of all data fields and entries from your customer relationship management (CRM) system, or any other database, Concerning Plaintiff or Plaintiff's Telephone Number. This request includes, but is **not** limited to, all contact information, lead source data, agent notes, call dispositions, timestamps, and communication logs.." (RFP No. 10) (emphasis in original);

- "Produce all communications, including emails and internal messages, between Vincent Palazzo and any other employee, agent, or manager of Sienna Concerning Plaintiff or Plaintiff's Telephone Number." (RFP No. 14).

13.    Sienna Marketing and Vincent Palazzo filed their Motion for Summary Judgment on January 30, 2026. (ECF No. 71.)

## **ARGUMENT**

In its multiple discovery Orders, this Court clearly and repeatedly articulated the limited scope of Phase I of discovery. In Phase I, the sole issue upon which discovery was permitted was "information related to whether Plaintiff has held out his phone number as a business number to the public." (ECF No. 33; *see also* ECF No. 67). Aside from Interrogatory No. 3, **none** of the interrogatories or requests to produce seek information as to how Ortega held his cellphone number

5

out to the public. Instead, Ortega seeks information/documents regarding: (1) the identity of the individual or entity that gave Ortega's cellphone number to Sienna; (2) Sienna's efforts to verify the business number status of Ortega's cellphone number prior to initiating communications; (3) how Sienna classified Ortega's cellphone number in its internal systems; and (4) communications between Sienna and Vincent Palazzo regarding Ortega.  Critically, ***none*** of these categories of information and/or documents relate to how ***Ortega*** held his cellphone number out to the public.

As to Interrogatory Number 3, Ortega, through this improper contention interrogatory, seeks "all facts" supporting Sienna's "business number defense."  Essentially, Ortega wants a summary of all the discovery ***he provided*** about how he held his cellphone number out to the public.  Regardless, the factual basis for Sienna's business number defense is fully laid out in the pending Motion for Summary Judgment.  (ECF No. 71).  Ortega already has what he is requesting.

Ortega further argues he needs discovery to respond to the Motion for Summary Judgment. This is untrue. Again, the information and documentation Ortega improperly seeks relates to how ***Sienna*** classified his cellphone number.  But Sienna's classification is not a factor in deciding the dispositive issue of how ***Ortega*** held his cellphone number out to the public as a business number.

Separately, the suspicious timing of the Motion to Compel reveals Ortega's gamesmanship. As part of the December 19, 2025, Order, this Court set a briefing schedule on Defendants' Motion for Summary Judgment.  The parties then participated in a meet and confer call on January 9, 2026, to discuss Ortega's discovery requests.  During that January 9 call, Sienna provided further justification for its position on the contested discovery requests being outside the scope of Phase I.  Notably, Ortega waited and did not file the instant Motion to Compel ***until three weeks later***, knowing full well the briefing schedule set Ortega's response to the Motion for Summary Judgment on March 2, 2026.  Ortega is thus trying to inject factual issues about Sienna's treatment

6

164425.00001/156898647v.1

of his number into the case in a roundabout way to muddy the waters on summary judgment. This is improper. Nor can Ortega manufacture an emergency to obtain expedited discovery in this manner—especially since the discovery sought is already outside the allowable scope of Phase I.

Lastly, Ortega also argues that should his Motion to Compel be granted (which it should not be), Sienna must produce the relevant information/documents on an "expedited" basis—*i.e.*, within ten days. This too is unreasonable. While Ortega does not have a right to seek the compelled production and responses (as detailed above), he has also made no showing his request for *expedited* discovery is necessary. Assuming his claims survive summary judgment (which they will not), the parties can confer on a proposed discovery schedule for Phase II. (ECF No. 57) (citing ECF No. 32) ("Court previously indicated that after the close of Phase I of discovery, either party may request an extension of any other deadline contained in the Court's Scheduling Order")).

## CONCLUSION

For the foregoing reasons, Sienna Marketing & Consulting Inc. respectfully requests that the Court: (1) deny Ortega's Motion to Compel; and (2) for such other and further relief as this Court deems just and appropriate.

Date: February 4, 2026

Respectfully submitted,

By: */s/Robert Scott*

Robert Scott
State Bar No. 17911800
Jeffrey N. Rosenthal (admitted *pro hac vice*)
Pennsylvania Bar No. 209334
Scott M. Kaplan (admitted *pro hac vice*)
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
jeffrey.rosenthal@blankrome.com
scott.kaplan@blankrome.com

8

**ATTORNEYS FOR DEFENDANTS SIENNA MARKETING & CONSULTING, INC. AND VINCENT PALAZZO**

164425.00001/156898647v.1

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026, a correct copy of this document was filed on the Court's CM/ECF platform, which will provide notice on the below parties and/or attorneys of record.

Mark Anthony Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

Plaintiff


By: /s/ *Scott M. Kaplan*
Scott M. Kaplan

164425.00001/156898647v.1