# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MARK ANTHONY ORTEGA

                Plaintiff,

    v.

SIENNA MARKETING & CONSULTING,
INC. a New York Corporation

                Defendant.

**Case No. SA-24-CV-00487-OLG-ESC**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
TO DEFENDANT SIENNA MARKETING & CONSULTING, INC., NOS. 1-14**

**TO: Defendant, Sienna Marketing & Consulting Inc. a New York Corporation, by and through his attorney of record**.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, Mark Anthony Ortega, hereby requests that Defendant Sienna Marketing & Consulting Inc. a New York Corporation ("Sienna"), produce the documents and things identified below. Defendant Sienna shall produce and/or permit inspection of each of the following categories of documents and electronically stored information within 30 days.

        Respectfully submitted,

        /s/ Mark Anthony Ortega

        Mark Anthony Ortega
        Plaintiff
        Address: PO Box 702099,
        San Antonio, TX 78270
        Phone: 210-744-9663
        Email: mortega@utexas.edu

## **INSTRUCTIONS**

Plaintiff, Mark Anthony Ortega, requests that Defendant Sienna Marketing & Consulting, Inc. produce the documents and things requested below, within thirty (30) days of service, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

These requests shall be deemed continuing, and must be supplemented in accordance with the Federal Rules of Civil Procedure. If, after producing documents and things, Defendant becomes aware of any further document(s), thing(s), or information responsive to these Requests, Defendant is required to produce such additional documents, things, and/or information to Plaintiff promptly upon acquiring possession of such.

Unless otherwise agreed to by the parties, the production shall occur at 152 Bedingfeld Dr, San Antonio, TX 78231, or such other location as the parties may agree.

The documents and things shall be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request. See Fed. R. Civ. P. 34(b)(2)(E)(i).

If any document or thing is not produced based on a claim of privilege, or if Defendant contends a document or thing is otherwise exempt from discovery, Defendant shall provide Plaintiff with a privilege log in compliance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

If a request for production is objected to in part, production shall be provided as to the remaining portions of the request as to which no objection has been made.

If Defendant objects to any Request as overly broad or unduly burdensome, Defendant shall produce those documents and/or things that are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome.

If Defendant is aware that any document or thing responsive to any Request once existed but has been destroyed, or is no longer available for production, Defendant shall identify who destroyed it, why it was destroyed, and the circumstances under which it was destroyed or is no longer available.

Identify all documents withheld from production based on any objection and provide a privilege log pursuant to FRCP 26(b)(5).

If any document is illegible or in a language other than English, provide a translation of such document.

## **<u>DEFINITIONS</u>**

The following terms have the following meanings, unless the context requires otherwise:

As used herein, the following definitions apply:

A.      The terms **"You", "Your", "Defendant**" or **"Sienna"** shall mean and refer to the named Defendant herein, Sienna Marketing & Consulting, Inc., and includes, without limitations, all present and former agents, representatives, independent contractors, employees, servants, attorneys, and any other entity or person who has acted or purported to act on Defendant's behalf in any matter related to this litigation or the underlying facts.

B.      "**Plaintiff**" means Mark Anthony Ortega, the plaintiff in this action, and his agents, servants, employees, and any other persons acting on his behalf.

C.      **"The Communications"** refers collectively to The Call and all text messages sent to Plaintiff's Telephone Number by Defendant or its agents on or about March 7, 2024, and March 8, 2024.

D.      "**Communication**" means any transmission of information, whether oral, written, electronic, or otherwise, including, but not limited to, conversations, telephone calls, voicemails, text messages, emails, letters, memoranda, reports, or any other form of information exchange.

E.      The term "**document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically-stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

F.      The term "**thing**" refers to any tangible object other than a document, and includes objects of every kind and nature such as, but not limited to, prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

G.      "**Concerning**" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

H.      "**Including**" means including but not limited to.

I.      "**Identify**" shall mean, when used in reference to:

1. a person, the person's:

(a) full name;

(b) present or last known residence address (including the street name and number, city or town, state, zip code, telephone number, and email address);

(c) present or last known business address (including the street name and number, city or town, state, zip code, telephone number, and email address); and

(d) present or last known occupation, position, business affiliation, and job description.

2. a company, corporation, association, partnership, or legal entity other than a natural person:

(a) its full name;

(b) a description of the type of organization or entity;

(c) the full address of its principal place of business;

(d) its mailing address;

(e) its state of incorporation or organization; and

(f) the date of its incorporation or organization.

3. a document:

(a) its description (e.g. letter, email, memorandum, report);

(b) its title;

(c) its date;

(d) the number of pages thereof;

(e) its subject matter;

(f) the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g) the identity of its addressee or recipient;

(h) the identity of each person to whom copies were sent and each person by whom copies were received;

(i) its present location;

(j) the identity of its present custodian (if any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when); and

(k) the document ID or Bates number in this action.

4. an oral communication or statement:

(a) the date and time it occurred;

(b) the place it occurred;

(c) the complete substance of the communication;

(d) the identity of each person:

(i) to whom such communication was made;

(ii) by whom such communication was made;

(iii) who was present when such communication was made;

(e) if by telephone:

(i) the identity of each person who made each call;

(ii) the identity of each person who participated in each call;

(f) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

J.      **"Person"** and **"persons"** means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

K.      **"And"** and **"or"** shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

L.      The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa.

M.      "**Plaintiff's Telephone Number**" means cellular telephone number (210) 744-9663.

N.      "**Electronically Stored Information**" or **"ESI"** means any data or information stored in any electronic medium, including but not limited to computer hard drives, servers, databases, cloud storage, mobile devices, social media accounts, email accounts, backup tapes, and archives.

O.      "**National Do Not Call Registry**" means the registry established and maintained by the Federal Trade Commission pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and the TCPA.

P.      **"Telephone Solicitation"** has the same meaning as defined in 47 C.F.R. § 64.1200(f)(14), which states: "any unsolicited call to a person for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."

Q.       "**Acting on your behalf**" includes any agent, employee, contractor, vendor, or any other person or entity acting under the direction, control, or authorization of Sienna.

R.      The term "**TCPA**" refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and any regulations promulgated thereunder.

S.      The term **"TTSA"** refers to the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Ann. § 305 et seq., and any regulations promulgated thereunder.

T.      **"Text Message"** means a communication comprised of text, images, sounds, or other data that is transmitted to or from a device that is identified as the sending or receiving device by means of a 10-digit telephone number and includes any communication by means of a short message service (SMS), enhanced message service (EMS), or multimedia message service (MMS).

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SIENNA MARKETING & CONSULTING, INC.

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents identified, referenced, or relied upon in Your answers to Plaintiff's First Set of Interrogatories to Defendant Sienna Marketing & Consulting, Inc.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and electronically stored information (ESI) evidencing or memorializing every Communication initiated by You, or any person or entity acting on Your behalf, to Plaintiff's Telephone Number from March 7, 2020, to the present. This request includes, without limitation, all call detail records, audio recordings, text message (SMS/MMS) logs, voicemail recordings, and any records from any other communication platform used to contact Plaintiff's Telephone Number. For each Communication, the produced documents must include the date, time, originating telephone number, and duration (for calls).

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3:** Produce a complete copy of Your written policies and procedures in effect on March 7, 2024, Concerning compliance with the Telephone Consumer Protection Act (TCPA) and the Texas Telephone Solicitation Act (TTSA).

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents evidencing or relating to any training provided to Vincent Palazzo on the TCPA, TTSA, National Do Not Call Registry, and Your internal do-not-call procedures.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5:** Produce a complete copy of any agreement, contract, or statement of work between You and any third-party lead vendor from whom you obtained Plaintiff's Telephone Number.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents that You contend constitute Prior Express Written Consent from Plaintiff to receive Telemarketing Communications.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents that form the basis of Your "Established Business Relationship" affirmative defense.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 8:**  Produce a complete, unredacted copy of Your internal do-not-call list as it existed on March 7, 2024, and as it exists today.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 9:**  Produce all documents showing Your registration with the Texas Secretary of State as a telemarketer, valid on March 7, 2024.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 10:**  Produce a complete and unaltered export of all data fields and entries from Your customer relationship management (CRM) system, or any other database, Concerning Plaintiff or Plaintiff's Telephone Number. This request includes, but is **not** limited to, all contact information, lead source data, agent notes, call dispositions, timestamps, and communication logs.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 11:**   Produce all documents that identify the telephonic equipment, software, or dialing platform used to make The Call and send The Communications.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 12:**  Produce the complete employment file for Vincent Palazzo, including but not limited to his employment application, any employment agreement or independent contractor agreement, disciplinary records, and any documents related to his separation from the company, if applicable.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 13:**  Produce all documents showing every date and time that You or Your agents "scrubbed" or compared a list of telephone numbers against the National Do Not Call Registry between March 7, 2020, and March 7, 2024.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 14:**   Produce any and all communications, including emails and internal messages, between Vincent Palazzo and any other employee, agent, or manager of Sienna Concerning Plaintiff or Plaintiff's Telephone Number.

**ANSWER:**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2025, a copy of the foregoing document was served on the following parties via email:

Robert Scott
State Bar No. 17911800
Bobbye Pyke
State Bar No. 24123274
Jeffrey N. Rosenthal
Pennsylvania Bar No. 209334
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com
**Attorneys for Defendant**

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |
|---|---|
| MARK ANTHONY ORTEGA<br><br>                Plaintiff,<br><br>     v.<br><br>SIENNA MARKETING & CONSULTING,<br>INC. a New York Corporation<br>                Defendant. | **Case No. SA-24-CV-00487-OLG-ESC** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT SIENNA MARKETING & CONSULTING, INC., NOS. 1-20**

**TO: Defendant, Sienna Marketing & Consulting Inc. a New York Corporation, by and through his attorney of record**.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Mark Anthony Ortega serves these Interrogatories to be answered by Defendant Sienna Marketing & Consulting Inc. a New York Corporation separately, in writing and under oath, within thirty (30) days of service.

Respectfully submitted,

*/s/ Mark Anthony Ortega*

Mark Anthony Ortega
Plaintiff
Address: PO Box 702099,
San Antonio, TX 78270
Phone: 210-744-9663
Email: mortega@utexas.edu

## **DEFINITIONS**

As used herein, the following definitions apply:

A.      **"You", "Your", "Defendant**" or **"Sienna "** shall mean and refer to the named Defendant herein, **Sienna Marketing & Consulting Inc., a New York Corporation**, and includes, without limitations, all present and former agents, representatives, independent contractors, employees, servants, attorneys, and any other entity or person who has acted or purported to act on Defendant's behalf in any matter related to this litigation or the underlying facts.

B.      "**Plaintiff**" means Mark Anthony Ortega, the plaintiff in this action, and his agents, servants, employees, and any other persons acting on his behalf.

C.      "**Entity**." "Entity" means any legal entity, including, but not limited to, corporations, partnerships (general or limited), limited liability companies (LLCs), associations (incorporated or unincorporated), trusts, joint ventures, governmental entities, agencies, departments, boards, commissions, committees, and any other organization or association, whether public, private, or quasi-public.

D.      "**Communication**" means any instance of conveying information, regardless of the medium, including, but not limited to, oral statements, written correspondence, electronic communications (such as emails, text messages, instant messages, social media posts, and voicemails), letters, memoranda, reports, notes, data transfers, and any other form of information exchange, whether formal or informal.

E.      The term "**document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically-stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

F.      The term "**thing**" refers to any tangible object other than a document, and includes objects of every kind and nature such as, but not limited to, prototypes, models, specimens, computer disks and tapes, videotapes, and audiotapes.

G.      "**Concerning**" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

H.    **"Including"** means including but not limited to.

I.    **"Identify"** shall mean, when used in reference to:

1. a person, the person's:
    (a) full name;
    (b) present or last known residence address (including the street name and number, city or town, state, zip code, telephone number, and email address);
    (c) present or last known business address (including the street name and number, city or town, state, zip code, telephone number, and email address); and
    (d) present or last known occupation, position, business affiliation, and job description.

2. a company, corporation, association, partnership, or legal entity other than a natural person:
    (a) its full name;
    (b) a description of the type of organization or entity;
    (c) the full address of its principal place of business;
    (d) its mailing address;
    (e) its state of incorporation or organization; and
    (f) the date of its incorporation or organization.

3. a document:
    (a) its description (e.g. letter, email, memorandum, report);
    (b) its title;
    (c) its date;
    (d) the number of pages thereof;
    (e) its subject matter;
    (f) the identity of its author, signatory or signatories, and any person who participated in its preparation;
    (g) the identity of its addressee or recipient;
    (h) the identity of each person to whom copies were sent and each person by whom copies were received;
    (i) its present location;
    (j) the identity of its present custodian (if any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when); and
    (k) the document ID or Bates number in this action.

4. an oral communication or statement:
    (a) the date and time it occurred;
    (b) the place it occurred;

(c) the complete substance of the communication;

(d) the identity of each person:

(i) to whom such communication was made;

(ii) by whom such communication was made;

(iii) who was present when such communication was made;

(e) if by telephone:

(i) the identity of each person who made each call;

(ii) the identity of each person who participated in each call;

(f) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

J.      "**Person**" and "**persons**" means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

K.      "**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

L.      The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa.

M.      If any Interrogatory is objected to in whole or in part, Defendant shall state with specificity the reasons for the objection.

N.      Unless otherwise indicated, these Interrogatories cover the period of March 7, 2020 to the present.

O.      The term "**TCPA**" refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and any regulations promulgated thereunder.

P.      The term "**TTSA**" refers to the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Ann. § 305 et seq., and any regulations promulgated thereunder.

Q.      "**Complaint**." Shall mean and refer to the Complaint filed in this action.

R.      "**Plaintiff's Telephone Number**" means the cellular telephone number (210) 744-9663.

S.      "**Telemarketing**" or "**Telemarketing Calls**" means any plan, program, or campaign, including, but not limited to, those conducted using one or more telephones, designed

to induce the purchase of goods or services, or to solicit a charitable contribution, or to obtain information that will or may be used for the direct solicitation of a sale of goods or services or an extension of credit for that purpose, by means of one or more telephone calls, text messages, or other electronic communications, whether live, automated, prerecorded, or using a soundboard.

U.      "**Contact**" or "**Contacted**," used as a verb, means to initiate, attempt to initiate, or successfully make, any communication by any means, including, but not limited to, telephone calls, text messages, emails, or other electronic communications.

V.      "**National Do Not Call Registry**" means the registry maintained by the United States Federal Trade Commission that lists the telephone numbers of individuals who have requested not to receive telemarketing calls.

W.      "**The Call**" refers to the telephone call You or an agent acting on Your behalf placed to Plaintiff's Telephone Number on or around March 7, 2024.

X.      "**The Communications**" refers collectively to The Call and all text messages sent to Plaintiff's Telephone Number by Defendant or its agents on or about March 7, 2024, and March 8, 2024.

**INSTRUCTIONS**

1.      **Answers to Interrogatories**. Each Interrogatory is to be answered separately and fully in writing under oath with a copy of the answers being served on counsel for Defendant within 30 days.

2.      **Source of Information Used to Respond to Interrogatories**.  Each Interrogatory is to be answered on the basis of your entire knowledge, including information in the possession of your consultants, representatives, employees, agents, servants or counsel. You must make inquiry of such of your officers, employees, agents and servants and others, including experts, consultants, representatives, attorneys, subsidiaries and contractors and must refer to all documents, correspondence, memoranda and other papers in your possession, custody and control as would enable you to make full and true answers to these Interrogatories.

3.      **Answers or Compliance**.  If an Interrogatory is not answered or complied with in full, it should be answered or complied with to the fullest extent possible with specified reasons for the inability to answer or comply fully. Answers to Interrogatories should provide a particularized, itemized and fully detailed and specific statement of all relevant information.  If reference is made in an answer or response to a document that is contended to contain responsive material, you are requested to describe the specific information by page, paragraph and line number.  Reliance on general or summary claims, or restatements of contentions, will not be considered sufficient or responsive.

4.      **Acts or Communications by Purportedly Unauthorized Persons**. If, in answer to an Interrogatory, you disclose or assert any act or communication by any entity or person purporting to act for you, which entity or person you contend was not authorized so to act, or is for any reason not binding on you, then the answer to the Interrogatory must disclose such a contention and the supporting facts.

5.      **Claims of Privilege**.   If an Interrogatory asks for an "identification" or "description" of a document, written communication or oral communication, and you contend that the document, written communication or oral communication is privileged, you are requested to so state in the answer, to state the ground for the claim or privilege, and to respond to the Interrogatory to the fullest extent possible without revealing the claimed privileged information.

6.      **Claims of Burdensomeness**. If you do not answer an Interrogatory on the ground that it is burdensome, you are requested to state the reason for so claiming, including, as a minimum, the number and nature of documents and/or things which you must search, the location of the documents and/or things, and the estimated man-hour and other costs necessary for such a search.   If you can supply a limited answer to the Interrogatory that avoids the claim of burdensomeness, you are requested to answer the Interrogatory to the fullest extent possible, and explain fully in your response why a more complete response would be burdensome.

7.     **Attachment of Documents in Answer to Interrogatories**.  You may attach a copy of any document instead of identifying or describing the document that is responsive to an Interrogatory. If you choose to so attach a copy, you still are requested to provide all requested information which the attached document does not contain.  By attaching documents, you represent that all documents known to you, which relate to the Interrogatories with respect to which you have attached documents, have been attached or have been otherwise identified and described in your answers to these Interrogatories.

8.     **Supplementation**.   You have a duty to supplement your responses to these Interrogatories in accordance with Federal Rule of Civil Procedure 26(e) if you learn that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SIENNA MARKETING & CONSULTING, INC., NOS. 1-20

**INTERROGATORY NO. 1**: Identify Vincent Palazzo, including his full name, last known address, current employment status with Defendant, job title on March 7, 2024, and all dates of his employment or agency with Defendant.

**ANSWER:**

**INTERROGATORY NO. 2:** Describe in detail the compensation structure for Vincent Palazzo on March 7, 2024, including whether his compensation was based in whole or in part on commissions, bonuses, or other incentives related to securing new clients or financing agreements.

**ANSWER:**

**INTERROGATORY NO. 3**: State all facts that support Your contention or defense that Plaintiff's Telephone Number was a "business number" on March 7, 2024, and for each fact, Identify all persons with knowledge of that fact and all documents that support that fact.

**ANSWER:**

**INTERROGATORY NO. 4**: Identify the source from which You obtained Plaintiff's Telephone Number, including the name and address of any third-party lead vendor or entity, and the date the number was obtained.

**ANSWER:**

**INTERROGATORY NO. 5**: Describe all information provided to You by the source identified in Your answer to Interrogatory No. 4 Concerning Plaintiff's Telephone Number, including but not limited to any information suggesting the number was associated with a business or that the subscriber had consented to receive marketing communications.

**ANSWER:**

**INTERROGATORY NO. 6:** Describe in detail all actions taken by You, including by any of Your agents or employees, in response to the text message from Plaintiff's Telephone Number on March 7, 2024, which stated, "Stop I'm not interest and on the do not call list. Don't contact me anymore."

**ANSWER:**

**INTERROGATORY NO. 7:** State whether You maintain a written policy regarding compliance with the Telephone Consumer Protection Act and/or internal do-not-call requests, and if so, state the date it was last updated prior to March 7, 2024, and Identify the custodian of that document.

**ANSWER:**

**INTERROGATORY NO. 8:** Describe the training provided to Vincent Palazzo regarding compliance with the TCPA, the National Do Not Call Registry, and Defendant's internal do-not-call policy, and state the date(s) such training was provided.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all persons and entities who currently have an ownership interest in Sienna Marketing & Consulting, Inc. For each owner, state their percentage of ownership and describe their role, title, and responsibilities within the business.

**ANSWER:**

**INTERROGATORY NO. 10:** Describe in detail Your policies and procedures in effect on March 7, 2024, for maintaining an internal do-not-call list, including how a consumer's request is recorded, where the list is stored, and how the list is accessed by agents before initiating telemarketing communications.

**ANSWER:**

**INTERROGATORY NO. 11**: State the date on which You last accessed a version of the National Do Not Call Registry to scrub a list of telephone numbers prior to initiating The Call to Plaintiff's Telephone Number on March 7, 2024.

**ANSWER:**

**INTERROGATORY NO. 12**: Identify Your Texas telemarketer registration number that was valid and active on March 7, 2024. If You contend that no such registration was required, state all facts that support Your contention.

**ANSWER:**

**INTERROGATORY NO. 13**: Identify all records You maintain Concerning The Communications with Plaintiff, including but not limited to call detail records, text message logs, audio recordings, agent notes, or any other data related to the interactions on March 7 and March 8, 2024.

**ANSWER:**

**INTERROGATORY NO. 14**: Describe all steps You took, if any, to independently verify that Plaintiff's Telephone Number was a "business number" before initiating The Call.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify all persons who participated in, supervised, or have knowledge of The Communications sent to Plaintiff's Telephone Number on March 7 and March 8, 2024.

**ANSWER:**

**INTERROGATORY NO. 16:** State the number of complaints, whether formal or informal, that Defendant has received from March 7, 2020, to the present, Concerning violations of the TCPA or internal do-not-call requests.

**ANSWER:**

**INTERROGATORY NO. 17:** State whether You monitor, review, or record the text messages or calls of Your agents, including Vincent Palazzo.

**ANSWER:**

**INTERROGATORY NO. 18:** Identify every telephone number, including but not limited to landlines, cellular numbers, and Voice over IP (VoIP) numbers, used by You or any person acting on Your behalf to initiate any communication (including voice calls and text messages) to Plaintiff's Telephone Number at any time.

**ANSWER:**

**INTERROGATORY NO. 19:** State the date, time, duration (for calls), and originating telephone number of every communication You or any person acting on Your behalf directed to Plaintiff's Telephone Number.

**ANSWER:**

**INTERROGATORY NO. 20:** Describe the content and substance of every note, entry, or notation made in any of Your customer relationship management (CRM) systems, databases, or other records Concerning Plaintiff, Plaintiff's Telephone Number, or any of The Communications.

**ANSWER:**

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2025, a copy of the foregoing document was served on the following parties via email:

Robert Scott
State Bar No. 17911800
Bobbye Pyke
State Bar No. 24123274
Jeffrey N. Rosenthal
Pennsylvania Bar No. 209334
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com
**Attorneys for Defendant**

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |
|---|---|
| MARK ANTHONY ORTEGA<br>                         Plaintiff,<br><br>        v.<br><br>SIENNA MARKETING & CONSULTING,<br>INC. a New York Corporation<br>                         Defendant. | **Case No. SA-24-CV-00487-OLG-ESC** |

**PLAINTIFF'S FIRST SET FOR ADMISSIONS TO**
**DEFENDANT SIENNA MARKETING & CONSULTING**

**TO: Defendant, Sienna Marketing & Consulting Inc. a New York Corporation, by and through his attorney of record**.

     Pursuant to Rules 26 and 36 of Federal Rules of Civil Procedure, Plaintiff, Mark Anthony Ortega, requests that Defendant Sienna Marketing & Consulting Inc. a New York Corporation admit the truth of the matters set forth below within thirty (30) days after service of these requests.

     Respectfully submitted,

     /s/ Mark Anthony Ortega
     Mark Anthony Ortega
     Plaintiff
     Address: PO Box 702099,
     San Antonio, TX 78270
     Phone: 210-744-9663
     Email: mortega@utexas.edu

## INSTRUCTIONS AND DEFINITIONS

For purposes of these Requests, the following definitions and instructions shall apply.

The terms **"You", "Your", "Defendant"** or **"Defendant Sienna"** shall mean and refer to the named Defendant herein, Sienna Marketing & Consulting Inc., A New York Corporation, and includes, without limitations, all present and former agents, representatives, independent contractors, officers, directors, subsidiaries, affiliates, predecessors, successors, employees, servants, attorneys, and any other entity or person who has acted or purported to act on Defendant's behalf in any matter related to this litigation or the underlying facts.

The terms "**Mark Anthony Ortega**" and "**Plaintiff**" refer to Plaintiff Mark Anthony Ortega.

The use of present tense shall include past tenses, unless otherwise specifically indicated in the request.

The terms "**all**" and "**each**" shall be construed to include the other.

 The term **"Plaintiff's Telephone Number**" means cellular telephone number (210) 744-9663 as alleged in Plaintiff's Original Petition.

The term "**document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically stored data or information. Drafts and non-identical duplicates constitute separate documents. Attachments, exhibits, appendices, schedules, and enclosures to documents are considered part of the same document.

"**Concerning**" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

"**Including**" means including but not limited to.

"**Person**" and "**persons**" means (a) natural persons; (b) legal entities, including without limitation corporations, partnerships, firms, associations, professional corporations, and proprietorships; and (c) governmental bodies or agencies.

"**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

The term "**TCPA**" refers to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and any regulations promulgated thereunder.

The term "**TTSA**" refers to the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code Ann. § 305 et seq., and any regulations promulgated thereunder.

The terms "**Automatic Telephone Dialing System**" or "**ATDS**" means equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers, as defined by the **TCPA**.

The term "**Artificial or Prerecorded Voice**" means a voice message that is not a natural person's voice, including but not limited to a synthesized, simulated, recorded, or computer-generated voice.

The term "**Prior Express Written Consent**" means an agreement, in writing, that: (a) clearly authorizes the person making or allowing the placement of a telemarketing communication by telephone to deliver or authorize the delivery of the communication using an ATDS or an artificial or prerecorded voice; (b) includes the telephone number to which the signatory authorizes such communications to be delivered; and (c) bears the signature of the person receiving such communications.

The term "**Telemarketing Communication**" means a telephone call or text message made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

In accordance with Federal Rule of Civil Procedure 36(a)(3), each matter is admitted by Defendant unless, within 30 days after service of this request, Defendant serves a written answer or objection addressed to the matter, signed by Defendant or his attorney.

Defendant's written response to these requests must comply with the requirements of Federal Rule of Civil Procedure 36(a)(4), including the requirements that: (a) if a matter is not admitted, the answer must specifically deny it or state in detail why Defendant cannot truthfully admit or deny it; (b) any denial must fairly respond to the substance of the matter; (c) when good faith requires that Defendant qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest; (d) Defendant may assert lack of knowledge or information as a reason for failing to admit or deny only if Defendant states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

These requests for admission are continuing and require further answer and supplementation, as provided by Federal Rule of Civil Procedure 26(e).

Unless otherwise indicated, these Requests for Admission cover the period of March 7, 2020 to the present.

If you object to any request on the ground that the answer would reveal privileged information, please specify:

(a)  The nature of the privilege being claimed (including work product);

(b) The general subject matter of the document or oral communication as to which the privilege is claimed;

(c) The date of the document or oral communication;

(d) The name of the author or person making such communication;

(e) The addressees or recipients of the document or oral communication;

(f) The relationship between the author or person making such communication and the addressees or recipients of the document or oral communication.

<u>**PLAINTIFF'S FIRST SET FOR ADMISSIONS TO
DEFENDANT SIENNA MARKETING & CONSULTING INC.**</u>

<u>**Admit or deny the following:**</u>

<u>**REQUEST FOR ADMISSION NO. 1**</u>: Admit that on March 7, 2024, and March 8, 2024, Vincent Palazzo was an employee or agent of Sienna Marketing & Consulting, Inc.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 2:**</u> Admit that the text messages sent by Vincent Palazzo to the telephone number 210-744-9663 on March 7, 2024, and March 8, 2024, were sent within the scope of his employment or agency with Sienna Marketing & Consulting, Inc.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 3**</u>: Admit that on or about March 7, 2024, Sienna Marketing & Consulting, Inc., or a person acting on its behalf, initiated a telephone call to 210-744-9663.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 4:**</u> Admit that Defendant or its agents made at least one telephone call to Plaintiff's telephone number on or about March 7, 2024.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 5:**</u> Admit that Defendant did not provide Plaintiff with a written policy for maintaining an internal do-not-call list upon Plaintiff's request.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 6**</u>: Admit that prior to March 7, 2024, Vincent Palazzo received training from Sienna Marketing & Consulting, Inc. regarding compliance with its internal do-not-call policy.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 7**</u>: Admit that Defendant did not maintain a record of Plaintiff's request not to receive further telemarketing calls or messages.

<u>**RESPONSE:**</u>

<u>**REQUEST FOR ADMISSION NO. 8**</u>: Admit that Sienna Marketing & Consulting, Inc. does business as and uses the name "Creative Capital Solutions" in its marketing communications.

<u>**RESPONSE:**</u>

**REQUEST FOR ADMISSION NO. 9:** Admit that prior to initiating contact with 210-744-9663 on March 7, 2024, Sienna Marketing & Consulting, Inc. did not access the National Do Not Call Registry to determine if that number was listed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that Sienna Marketing & Consulting, Inc. obtained the telephone number 210-744-9663 from a source that identified the number as being associated with a business.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11**: Admit that Sienna Marketing & Consulting, Inc.'s written do-not-call policy was in effect on March 7, 2024.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that prior to initiating contact with the telephone number 210-744-9663 on March 7, 2024, neither Sienna Marketing & Consulting, Inc., nor any person or entity acting on its behalf, accessed a copy of the National Do Not Call Registry dated within the 31 days preceding the contact to ensure the number was not listed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13**: Admit that on March 7, 2024, Sienna Marketing & Consulting, Inc. did not possess a valid registration certificate issued by the Texas Secretary of State authorizing it to make telephone solicitations to persons located in Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14**: Admit that prior to the telephone call on March 7, 2024, Sienna Marketing & Consulting, Inc. had not completed any financial transaction with Mark Ortega within the previous 18 months.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15**: Admit that Sienna Marketing & Consulting, Inc. has no document containing the physical signature or electronic signature of Mark Ortega that provides express consent to receive telemarketing communications.

**RESPONSE:**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 1, 2025, a copy of the foregoing document was served on the following parties via email:


Robert Scott
State Bar No. 17911800
Bobbye Pyke
State Bar No. 24123274
Jeffrey N. Rosenthal
Pennsylvania Bar No. 209334
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
bobbye.pyke@blankrome.com
jeffrey.rosenthal@blankrome.com
**Attorneys for Defendant**

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff