# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |
|---|---|
| MARK ANTHONY ORTEGA<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SIENNA MARKETING & CONSULTING,<br>INC. a New York Corporation<br><br>　　　　Defendant. | **Case No. SA-24-CV-00487-OLG-ESC** |

**SIENNA MARKETING & CONSULTING, INC.'S OBJECTIONS
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendant Sienna Marketing & Consulting, Inc. ("Sienna Marketing"), by and through the undersigned counsel, hereby objects to Plaintiff Mark Anthony Ortega's ("Ortega") First Request for Production of Documents and Things, as follows:

Sienna Marketing objects to Plaintiff's Requests for Production to Sienna Marketing in their entirety on the grounds that the Interrogatories were issued in violation of this Court's April 30, 2025, Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Interrogatories are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62].

As such, Sienna Marketing reserves the right to respond (by way of additional objections or answers) to Requests for Production of Documents and Things at the appropriate time.

155936515

By: */s/ Scott M. Kaplan*

Robert Scott
State Bar No. 17911800
Jeffrey N. Rosenthal (admitted *pro hac vice*)
Pennsylvania Bar No. 209334
Scott M. Kaplan (admitted *pro hac vice*)
Illinois Bar No. 6317136
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
jeffrey.rosenthal@blankrome.com
scott.kaplan@blankrome.com

**ATTORNEYS FOR DEFENDANT SIENNA
MARKETING & CONSULTING, INC.**

Dated: December 1, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I served a true and correct copy of this document on the parties and/or attorneys of record via email.

Mark Anthony Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

Plaintiff

By: */s/ Robert Scott*
Robert Scott

155936515

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MARK ANTHONY ORTEGA
      Plaintiff,

    v.

SIENNA MARKETING & CONSULTING,
INC. a New York Corporation
      Defendant.

**Case No. SA-24-CV-00487-OLG-ESC**

**SIENNA MARKETING & CONSULTING, INC.'S OBJECTIONS TO
PLAINTIFF'S FIRST SET IOF INTERROGATORIES**

Defendant Sienna Marketing & Consulting, Inc. ("Sienna Marketing"), by and through the undersigned counsel, hereby objects to Plaintiff Mark Anthony Ortega's ("Ortega") First Set of Interrogatories to Sienna (the "Requests"), as follows:

Sienna Marketing objects to Plaintiff's Interrogatories to Sienna Marketing in their entirety on the grounds that the Interrogatories were issued in violation of this Court's April 30, 2025, Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Interrogatories are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62].

As such, Sienna Marketing reserves the right to respond (by way of additional objections or answers) to the Interrogatories at the appropriate time.

155936506

By: */s/ Scott M. Kaplan*

Robert Scott
State Bar No. 17911800
Jeffrey N. Rosenthal (admitted *pro hac vice*)
Pennsylvania Bar No. 209334
Scott M. Kaplan (admitted *pro hac vice*)
Illinois Bar No. 6317136
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
jeffrey.rosenthal@blankrome.com
scott.kaplan@blankrome.com

**ATTORNEYS FOR DEFENDANT SIENNA MARKETING & CONSULTING, INC.**

Dated: December 1, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I served a true and correct copy of this document on the parties and/or attorneys of record via email.

Mark Anthony Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

Plaintiff

By: */s/ Robert Scott*
Robert Scott

155936506

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |
|---|---|
| MARK ANTHONY ORTEGA<br><br>      Plaintiff,<br><br>   v.<br><br>SIENNA MARKETING & CONSULTING,<br>INC. a New York Corporation<br><br>      Defendant. | **Case No. SA-24-CV-00487-OLG-ESC** |

**RESPONSE TO PLAINTIFF'S FIRST SET FOR ADMISSIONS TO
DEFENDANT SIENNA MARKETING & CONSULTING**

Defendant Sienna Marketing & Consulting, Inc. ("Sienna"), by and through the undersigned counsel, hereby responds to Plaintiff Mark Anthony Ortega's ("Ortega") First Set of Requests for Admission to Sienna (the "Requests"), as follows:

**CONDITIONS**

A.      All responses contained herein are based upon such information as is presently available to or known by Sienna after diligent inquiry. The following responses are given without prejudice to Sienna's right to produce evidence of any subsequently discovered facts of which Sienna may later learn.

B.      All responses to the Requests are made without in any way waiving or intending to waive, but, on the contrary, preserving and intending to preserve all objections as to the competence, relevance, and admissibility of any information disclosed in response to the Requests as evidence for any purpose in subsequent proceedings in this or any other action or at the trial of this or any other action, arbitration, proceeding or investigation.

155936472

C.      Sienna's responses to the Requests should not be construed as a stipulation that the information is relevant, a waiver of the objections asserted in response to any such request, or an agreement that a similar request in this or any other related proceeding will be treated in a like manner.

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that on March 7, 2024, and March 8, 2024, Vincent Palazzo was an employee or agent of Sienna Marketing & Consulting, Inc.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Sienna Marketing further objects to this Request for Admission No. 1 as it calls for the admission of a legal conclusion. Subject to, and without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 2:** Admit that the text messages sent by Vincent Palazzo to the telephone number 210-744-9663 on March 7, 2024, and March 8, 2024, were sent within the scope of his employment or agency with Sienna Marketing & Consulting, Inc.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Sienna Marketing further objects to this Request for Admission No. 2 as it calls for the admission of a legal conclusion. Subject to, and without waiving these objections, denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that on or about March 7, 2024, Sienna Marketing & Consulting, Inc., or a person acting on its behalf, initiated a telephone call to 210-744-9663.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby

155936472

the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Sienna Marketing further objects tot his Request for Admission No. 3 as it calls for the admission of a legal conclusion. Subject to, and without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 4:** Admit that Defendant or its agents made at least one telephone call to Plaintiff's telephone number on or about March 7, 2024.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, denied as phrased.

**REQUEST FOR ADMISSION NO. 5:** Admit that Defendant did not provide Plaintiff with a written policy for maintaining an internal do-not-call list upon Plaintiff's request.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, denied.

**REQUEST FOR ADMISSION NO. 6:** Admit that prior to March 7, 2024, Vincent Palazzo received training from Sienna Marketing & Consulting, Inc. regarding compliance with its internal do-not-call policy.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next

155936472

phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, admitted.

**REQUEST FOR ADMISSION NO. 7:** Admit that Defendant did not maintain a record of Plaintiff's request not to receive further telemarketing calls or messages.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that Sienna Marketing & Consulting, Inc. does business as and uses the name "Creative Capital Solutions" in its marketing communications.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Sienna Marketing further objects tot his Request for Admission No. 8 as compound, and as it calls for the admission of a legal conclusion. Subject to, and without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 9:** Admit that prior to initiating contact with 210-744-9663 on March 7, 2024, Sienna Marketing & Consulting, Inc. did not access the National Do Not Call Registry to determine if that number was listed.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby

155936472

the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that Sienna Marketing & Consulting, Inc. obtained the telephone number 210-744-9663 from a source that identified the number as being associated with a business.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, admitted.

**REQUEST FOR ADMISSION NO. 11:** Admit that Sienna Marketing & Consulting, Inc.'s written do-not-call policy was in effect on March 7, 2024.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, admitted.

**REQUEST FOR ADMISSION NO. 12:** Admit that prior to initiating contact with the telephone number 210-744-9663 on March 7, 2024, neither Sienna Marketing & Consulting, Inc., nor any person or entity acting on its behalf, accessed a copy of the National Do Not Call Registry dated within the 31 days preceding the contact to ensure the number was not listed.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next

155936472

phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, denied as unintelligible.

**REQUEST FOR ADMISSION NO. 13:** Admit that on March 7, 2024, Sienna Marketing & Consulting, Inc. did not possess a valid registration certificate issued by the Texas Secretary of State authorizing it to make telephone solicitations to persons located in Texas.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Sienna Marketing further objects to this Request for Admission No. 13 as it calls for the admission of a legal conclusion. Subject to, and without waiving these objections, denied as stated.

**REQUEST FOR ADMISSION NO. 14:** Admit that prior to the telephone call on March 7, 2024, Sienna Marketing & Consulting, Inc. had not completed any financial transaction with Mark Ortega within the previous 18 months.

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to and without waiving this objection, denied as stated.

**REQUEST FOR ADMISSION NO. 15:** Admit that Sienna Marketing & Consulting, Inc. has no document containing the physical signature or electronic signature of Mark Ortega that provides express consent to receive telemarketing communications.

155936472

**RESPONSE:** Sienna Marketing objects to each of these Requests for Admission on the grounds that they were issued in violation of this Court's April 30, 2025 Order [Dkt. 33] whereby the Court ordered that after the close of Phase 1 of discovery, the Court would "address the next phase of discovery and whether all limitations should be lifted." As the Court has not affirmatively lifted the restrictions placed on discovery, Plaintiff's Requests to Admit are untimely and issued in violation of the Court's orders. Sienna Marketing further objects to this Request for Admission No. 13 as it calls for the admission of a legal conclusion. Moreover, on November 25, 2025, Sienna Marketing filed its Motion to Continue Bifurcated Discovery, to Stay Responses to Plaintiff's Untimely Written Discovery, and to Set a Briefing Schedule on its Forthcoming Motion for Summary Judgment [Dkt. 62]. As such, responses to these Requests should be stayed until the Court rules on that Motion.

Subject to, and without waiving these objections, denied as stated.

By: */s/ Scott M. Kaplan*
Robert Scott
State Bar No. 17911800
Jeffrey N. Rosenthal (admitted *pro hac vice*)
Pennsylvania Bar No. 209334
Scott M. Kaplan (admitted *pro hac vice*)
Illinois Bar No. 6317136
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (fax)
bob.scott@blankrome.com
jeffrey.rosenthal@blankrome.com
scott.kaplan@blankrome.com

**ATTORNEYS FOR DEFENDANT SIENNA MARKETING & CONSULTING, INC.**

Dated: December 1, 2025

155936472

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I served a true and correct copy of this document on the parties and/or attorneys of record via email.

Mark Anthony Ortega
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

Plaintiff


By: */s/ Robert Scott*
Robert Scott

155936472